S94A1086. JERSAWITZ v. HICKS.
(448 SE2d 352)

HUNSTEIN, Justice.

Pro se appellant, Jack Jersawitz, instituted a mandamus action seeking to compel appellee, Juanita Hicks, Clerk of the Fulton Supe-

---

rior Court, to provide a means by which the computerized database of real estate deed records, which are currently available to the public on a computer tape, could be directly accessed via a telephone modem on a personal computer. In granting appellee's motion for summary judgment the trial court determined that although the database at issue was a public record within the meaning of the Open Records Act, OCGA § 50-18-70 et seq. (the Act), appellee was not required to create a new program to provide public access with personal computers. We agree.

Under the Act, all state, county, and municipal records are to be open for public inspection unless specifically exempted, and an interested member of the public may reproduce the records, subject to authorized costs. OCGA §§ 50-18-70 (b); 50-18-71. "Public record" includes "computer based or generated information . . . prepared and maintained or received in the course of the operation of a public office or agency." OCGA § 50-18-70 (a). With regard to reproduction of information maintained by a computer, a 1992 amendment to the Act, OCGA § 50-18-71 (f) (Ga. L. 1992, p. 1061, § 6), provides that an agency "may charge the public its actual cost of a *computer disk or tape* onto which the information is transferred." (Emphasis supplied.)

It is axiomatic that when the language of a statute is unambiguous, the court has no authority to imply a contrary intent. See *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). Neither should subtle nor forced constructions of the statute be used to limit or extend its scope. *Earth Mgmt. v. Heard County*, 248 Ga. 442, 444 (283 SE2d 455) (1981). Because the Act, amended as recently as 1994, does not provide for access by personal computer modem and because it is uncontroverted that appellee has provided access to the computerized real estate information via computer tapes, we hold it was not error for the trial court to conclude that appellee has satisfied the requirements of the Act. While we are mindful that the prevalence of computers in homes, offices, and schools may make on-line access to computerized public records desirable, requiring that means of access must be addressed by the General Assembly.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 1994 —
RECONSIDERATION DENIED OCTOBER 17, 1994.

Jack Jersawitz, *pro se.*
*Viviane M. Haight, Susan B. Forsling,* for appellee.