S98A1349. MARION v. FLOYD COUNTY BOARD OF
EQUALIZATION et al.
(511 SE2d 512)

BENHAM, Chief Justice.

Marion, a resident of Floyd County, Georgia, owned a boat which was located in Cherokee County, Alabama for some part of the tax year with which this case is concerned. In order to determine tax liability, the Floyd County Board of Tax Assessors, purporting to act under OCGA § 48-5-16, requested that Marion sign an affidavit stating that his boat was indeed located in Alabama for at least 184 days of the tax year. Marion was told that signing the affidavit would exempt the boat from taxation in Floyd County. Because Marion

refused to sign the affidavit, the Board of Tax Assessors, citing OCGA § 48-5-11, assessed taxes on the boat for 1994. The Floyd County Board of Equalization upheld the tax assessment. Marion appealed that decision to the Superior Court of Floyd County, which granted summary judgment to the Board of Tax Assessors and the Board of Equalization, holding that OCGA § 48-5-16 is the statute controlling the assessment of tax in this case, and that OCGA § 48-5-11 is constitutional. After consideration of the statutes involved in this case and of the record made in the trial court, we conclude that the trial court was incorrect in its conclusion regarding which statute controls, and that the evidence adduced below was insufficient for the trial court or this Court to determine whether the assessment of the tax under the circumstances of this case constituted a denial of due process under the U. S. Constitution. Accordingly, we reverse the trial court's judgment and remand the case for further proceedings.

1. The basis for this Court's jurisdiction over this case is Marion's contention that OCGA §§ 48-5-11 and 48-5-16 are unconstitutional. As to the latter statute, we need not consider the question of constitutionality because, as Marion also argues, it has no application to this case. The statute provides, in pertinent part, as follows:

> Any person who owns tangible personal property in the form of a boat which is functionally located for recreational or convenience purposes in a county in this state other than the county in which such person maintains a permanent legal residence shall return such property for taxation to the tax commissioner or tax receiver of the county in which such property is functionally located. Tangible personal property of a person which does not meet the 184 days or more requirement provided for in this subsection shall be returned for taxation in the manner provided for in Code Section 48-5-11.

OCGA § 48-5-16 (d) (2).

"It is axiomatic that when the language of a statute is unambiguous, the court has no authority to imply a contrary intent." *Jersawitz v. Hicks*, 264 Ga. 553, 554 (448 SE2d 352) (1994). Use of the phrase, "located . . . in a county in this state . . .," indicates without ambiguity that the section provides a means of determining in which of two Georgia counties a boat is taxable, and does not apply to boats which are located in another state. Since the parties do not contend that the boat was located in a Georgia county other than the county of the taxpayer's residence, the statute is inapplicable to the boat involved here, and we need not consider the question of its constitutionality. Likewise, since that statute is inapplicable, we need not

consider the propriety of the use by the Board of Tax Assessors of an affidavit intended to establish the appropriate tax situs within Georgia of a boat located in Georgia.

2. OCGA § 48-5-11, the statute pursuant to which the tax assessment involved in this case was finally made, provides in pertinent part as follows:

> Situs for returns by residents. Unless otherwise provided by law, all: . . . (2) Personal property of a resident individual shall be returned for taxation to the tax commissioner or tax receiver of the county where the individual maintains a permanent legal residence.

Marion contends that statute is unconstitutional as applied to him because the sovereign power of a state does not extend beyond its borders to permit taxation of a resident's personal property located in another state. Supporting Marion's argument concerning the power to tax is the holding of the U. S. Supreme Court in *Wheeling Steel Corp. v. Fox*, 298 U. S. 193, 208 (56 SC 773, 80 LE 1143) (1936):

> [I]t is essential to the validity of [an ad valorem property tax], under the due process clause, that the property shall be within the territorial jurisdiction of the taxing state. This rule receives its most familiar illustration in the case of land. The rule has been extended to tangible personal property which is thus subject to taxation exclusively in the state where it is permanently located, regardless of the domicile of the owner.

See also *Union Refrigerator Transit Co. v. Kentucky*, 199 U. S. 194, 202 (26 SC 36, 50 LE 150) (1905), holding that taxation by the taxpayer's state of domicile of property permanently located in a non-domiciliary state violated the due process clause and was more in the nature of extortion than taxation because the taxpayer was required to pay for state services it was never afforded.

Based on those authorities, we must agree with Marion that if his boat had acquired a tax situs in Alabama, the taxation of that boat in Georgia under OCGA § 48-5-11 would constitute a denial of due process, rendering the statute unconstitutional as applied to him. That is not to say that the statute is facially unconstitutional. The beginning phrase of the statute is, "Unless otherwise provided by law . . .," and the Due Process Clause of the U. S. Constitution constitutes a provision otherwise. Our holding is not, therefore, that OCGA § 48-5-11 is unconstitutional, but that its application to property permanently located outside the State of Georgia is an unconstitutional deprivation of due process of law.

The essential question in the present case, therefore, is whether Marion's boat is located in Alabama with such a degree of permanence that it has acquired a tax situs there, rendering taxation by Georgia beyond this State's taxing power. Because many boats are readily transportable from one body of water to another and from one state to another, an exact numerical standard for determining which state is the permanent location of a boat is difficult to establish. Our research has produced no Georgia case establishing the degree of permanence required, and we have found no clear, bright-line rule in our research in other jurisdictions. However, we find useful this statement from the Supreme Court of Texas:

> In order for tangible personal property to acquire an actual situs outside the taxpayer's domicile, the property must be situated at a location with a "degree of permanency" that distinguishes it from personalty having a purely temporary or transitory basis within that jurisdiction.

*Davis v. City of Austin*, 632 SW2d 331, 334 (Tex. 1982).

Unfortunately, the record in this case is not adequate to establish whether Marion's boat was in Alabama for a period of time sufficient for it to acquire a tax situs there. The pretrial order contains a stipulation that the boat was "functionally located" in Alabama during the tax year in question, but the phrase "functionally located" is used in OCGA § 48-5-16 in determining the appropriate tax situs as between two counties in Georgia and, as noted in Division 1 of this opinion, does not apply to the situation present in this case. No other evidence regarding the boat's location was placed in the record.

Because the evidence of record is insufficient to establish that the boat did not have a tax situs in Alabama, and because the trial court erroneously relied upon an inapplicable statute, the grant of summary judgment to the taxing authorities was error. The judgment is, therefore, reversed and the case remanded for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED FEBRUARY 8, 1999.

William J. Marion, *pro se.*
*Wade C. Hoyt III,* for appellees.