### A00A1692. HART v. HART.
(538 SE2d 814)

MILLER, Judge.

The issue presented is whether in a statutory partitioning of land, the court erred in granting the partitioners authority to hire a timber cruise[1] to assess the value of timber. We discern no error and affirm.

Two brothers, E. R. Hart, Jr. and Charles H. Hart, together own approximately 680 acres of land. Charles (the plaintiff-appellee) owns an undivided three-fourths interest in this property, and E. R. owns an undivided one-fourth interest. Two previous attempts to partition the land were unsuccessful, and a third set of partitioners was selected. In instructing the partitioners the court stated:

> You have the authority to hire a timber cruise to be done to aid you in the discharge of your duties. The cost of the timber cruise will be paid by the parties as the court orders it to be paid. A timber cruise bill must be turned in to the Clerk of the Superior Court.

E. R. contends the authority to hire a timber cruise is not granted by the applicable statute,[2] which is in derogation of the common law and so must be strictly construed. He further argues that knowing the value of the timber will not aid in an in-kind division.

> [T]he plain legal error standard of review applies, where the appellate court determines that the issue was of law, not

---

[1] A timber cruise is used to estimate the value of timber on a tract based on the amount, size, grade and accessibility of the timber. See *Adams v. State*, 231 Ga. App. 279, 282 (2), n. 1 (499 SE2d 105) (1998).

[2] Statutory partitioning under OCGA § 44-6-160 et seq. is distinct from an equitable partitioning under OCGA § 44-6-140 et seq. OCGA § 44-6-164 provides that

> [t]he partitioners shall have the power to select a surveyor to aid them in the discharge of their duties. After giving all the parties, if possible, at least eight days' notice of the time of executing the writ and after being sworn to execute the writ duly and impartially before an officer authorized by law to administer such oath, the partitioners or a majority of them shall proceed to make a just and equal partition and division of all the lands and tenements, either in entire tracts or in parcels, as they shall judge, according to the best of their skill, ability, and knowledge, to be in proportion to the shares claimed and to be most beneficial to the several common owners of the lands and tenements. . . .

fact, that there was no factual dispute, or that there was no discretion, so that the issue for review was whether the trial court made a plain legal error.[3]

Although OCGA § 44-6-164 does not specifically grant the partitioners (or the court) the power to hire a timber cruise in the partitioning process, such is implicit in the language of the statute authorizing the partitioners to make a "just and equal partition" that is "most beneficial to the several common owners." When partitioning land that has improvements or timber, the partitioners, to be just and most beneficial to all owners, must consider the value of the timber or improvements. Otherwise, in a 50/50 partition of four acres, one party could get the two acres of land with all the timber and the other could get the remaining two barren acres. Such would clearly not be just or most beneficial to all. Trees are part of the realty.[4] And we have previously held that the existence of trees on land is a factor to be considered in determining its value.[5]

Moreover, OCGA § 44-6-170 expressly contemplates unusual cases. That Code section provides: "[I]n any extraordinary case not covered by Code Sections 44-6-160 through 44-6-169, the court may frame its proceeding and order so as to meet the exigency of the case without forcing the parties into equity." For whatever reason, two prior attempts at statutory partitioning have been unsuccessful. In our view, the court did not exceed its statutory authority by granting the partitioners the authority to hire a timber cruise in order to meet the exigencies of this third and hopefully successful attempt at partitioning the land.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 30, 2000.

*James C. Warnes II*, for appellant.

*Gregory, Christy & Maniklal, Hardy Gregory, Jr., Preyesh K. Maniklal, Lane Fitzpatrick*, for appellee.

---

[3] (Citations omitted.) *Glover v. Ware*, 236 Ga. App. 40, 45 (3) (510 SE2d 895) (1999).
[4] *Norton v. Ga. R. Bank &c.*, 253 Ga. 596, 602 (2) (322 SE2d 870) (1984).
[5] See *Dawson v. Dept. of Transp.*, 203 Ga. App. 157 (1) (416 SE2d 163) (1992).