*Holland & Knight, Frank O. Brown, Jr.*, amicus curiae.

## A00A2333. BROWN & COMPANY JEWELRY, INC. v. FULTON COUNTY BOARD OF ASSESSORS.

(548 SE2d 404)

ANDREWS, Presiding Judge.

This case involves the application of Georgia ad valorem tax to an agent for consigned merchandise owned by out-of-state residents but offered for sale in Fulton County. The local jewelry store where the merchandise was offered for sale challenged the inclusion of items under consignment in its assessment. It claims that the merchandise cannot be taxed because it was only temporarily in Georgia. The Superior Court of Fulton County determined that the tax assessment properly included the consigned goods, and the jewelry store appeals. We hold that the plain statutory language authorizes assessment of the consigned goods and the fact that the store kept some of the items temporarily does not mean that the tax was applied unconstitutionally.

Brown & Company Jewelry, Inc., a Georgia corporation in business since 1974, owns and operates a business in Fulton County. Part of Brown's inventory consists of store-owned property, and part consists of consignment items belonging to companies located in other states. Brown either sells the jewelry, giving the consignor the "reference price" as indicated on the contract, or returns the jewelry to the consignor. Industry standard contracts provide that the jewelry remains the property of the consignor, which can recall it at any time. The consignment jewelry typically spends from three to ninety days at Brown's store before being either sold or returned. As Frank Brown explained, displaying the consignment jewelry constituted "good window dressing for us" because it offered potential buyers other purchase options and increased the appearance of store inventory when the store-owned jewelry became depleted. For example, at the end of December 1995, the store had $1,385,038 in consigned jewelry on hand for sale. By the end of January 1996, the store still had most of the consigned jewelry and had sent back $440,268 worth.

At trial, two issues were presented for resolution, the taxability of the jewelry held by Brown on consignment in tax years 1995 and 1996, and the valuation of that jewelry if, in fact, the property was subject to ad valorem taxation. The merchandise at issue came from 25 or 30 jewelry companies located in other states and was not owned by Brown. The trial court noted that under the provisions of OCGA

§ 48-5-3, generally all personal property is subject to taxation unless a recognized tax exemption applies. Concluding that no tax exemption applied to the jewelry held on consignment by Brown, the court found that as part of the inventory of a retail Georgia business, under OCGA § 48-5-3 the property was required to be returned to the Tax Assessor of Fulton County, the county where the inventory was located. The trial court further found:

> the Georgia statutory scheme as set out herein does not violate the Constitution of the United States or of the State of Georgia and that because the Court does not declare the statutes to be unconstitutional as applied to this category of property, no notice to the Attorney General is required.

In this appeal, Brown contends that the trial court erred in holding that the consigned personal property owned by out-of-state consignors and held for only short periods of time by Brown for sale to its customers is subject to Georgia ad valorem taxation. Brown claims that because the jewelry was present in Fulton County on only a short, temporary basis, the property did not acquire a tax situs in Georgia for ad valorem tax purposes.

When reviewing a bench trial where only issues of law were decided, this Court uses the plain legal error standard of review. *Hart v. Hart*, 245 Ga. App. 734-735 (538 SE2d 814) (2000). Here, no error occurred. See *Glover v. Ware*, 236 Ga. App. 40, 45 (3) (510 SE2d 895) (1999).

When the language of a statute is unambiguous, a court has no authority to imply a contrary intent. *Jersawitz v. Hicks*, 264 Ga. 553, 554 (448 SE2d 352) (1994). Nor should subtle or forced constructions of a statute be used to limit or extend its scope. Id. Here, the explicit language of the applicable statutory law requires that this property be taxed. With certain statutory exceptions not relevant here, OCGA § 48-5-3 provides that "all personal property shall be liable to taxation and shall be taxed." Tax assessment day is January 1. OCGA § 48-5-10. OCGA § 48-5-14 imposes tax liability upon nonresidents, all persons who return property for nonresidents, and the nonresident's property located in Georgia. And the determinative statute, OCGA § 48-5-16 (b), expressly provides: "When the agent in this state of any person who is a resident of another state has on hand and for sale, storage, or otherwise merchandise or other tangible property, he shall return the property for taxation as provided in Code Section 48-5-12." According to OCGA § 48-5-12, the personal property of nonresidents shall be returned for taxation in the county where the property is located. It is undisputed that the jewelry was located at Brown's store in Fulton County.

While conceding that it had consigned merchandise on hand for sale on January 1, Brown argues that it should not be required to return the merchandise for taxes because the jewelry customarily remains in this State only for brief periods. However, the law affords no statutory exception based on the length of time merchandise is present in this State. Consequently, according to the plain statutory terms, Brown was obligated to return the property for taxation in Fulton County because Brown was acting as the "agent in this state," on behalf of "any person who is a resident of another state," and who "has on hand and for sale" the merchandise. OCGA § 48-5-16 (b); see *Jersawitz*, 264 Ga. at 554 (no interpretation needed when statutory terms are clear).

Brown does not attack the constitutionality of OCGA § 48-5-16. Instead, Brown seeks to engraft a proviso extracted from another statute entitled "Situs of returns by nonresidents" (OCGA § 48-5-12). That Code section mandates that "[u]nless otherwise provided by law, all real and personal property of nonresidents shall be returned for taxation to the tax commissioner or tax receiver of the county where the property is located." OCGA § 48-5-12. Brown argues that the due process and commerce clauses of the U. S. Constitution constitute such other provisions of law that prohibit the application of the tax to property of a nonresident unless that property has attained a "degree of permanency" in Georgia.

To support that assertion, Brown relies solely upon *Marion v. Floyd County Bd. of Equalization*, 270 Ga. 475 (511 SE2d 512) (1999).[1] But *Marion* is factually and legally distinguishable. The central issue in *Marion* was the application of a different statute which pertains to the taxation of real and personal property belonging to a resident individual. See OCGA § 48-5-11. That Code section provides: "Unless otherwise provided by law, all: . . . (2) Personal property of a resident individual shall be returned for taxation to the tax commissioner or tax receiver of the county where the individual maintains a permanent legal residence." OCGA § 48-5-11 (2). In *Marion*, the issue was the propriety of taxing a recreational boat "functionally located" in Alabama but owned by an individual who resided in Georgia. *Marion*, 270 Ga. at 476. Our Supreme Court determined that the application of OCGA § 48-5-11 "to property permanently located outside the State of Georgia is an unconstitutional deprivation of due process of law." *Marion*, 270 Ga. at 477 (2). For that reason, the Supreme Court remanded for a factual determination as to whether

---

[1] We have jurisdiction to consider this question despite Ga. Const. of 1983, Art. VI, Sec. VI, Par. II, because Brown is not contesting the constitutionality of the relevant statute. See *Marion*, 270 Ga. at 477 (2). Second, we may decide questions involving settled principles of constitutional law. *Pollard v. State*, 229 Ga. 698 (194 SE2d 107) (1972).

the boat had acquired a tax situs in Alabama. Id. at 478.

Notwithstanding Brown's claim to the contrary, we cannot agree that *Marion* stands for the proposition that any personal property which is not "permanently located" or has not acquired a degree of permanency in Georgia on January 1 is not taxable. Consequently, we do not find that similar due process concerns are implicated here. Nor do we find a commerce clause problem. See *Quill Corp. v. North Dakota*, 504 U. S. 298, 307 (III) (112 SC 1904, 119 LE2d 91) (1992). We conclude that regardless of the "degree of permanence" of the personalty in Georgia, this State's tax has been properly applied to Brown. The merchandise was held for sale at Brown's store, was located here for a limited amount of time, and was advertised for sale here, and sales could and did occur here. In other words, the goods were in commerce here. These contacts constitute a substantial nexus, regardless of the length of time the merchandise remained advertised or held for sale in Georgia. See generally *Complete Auto Transit v. Brady*, 430 U. S. 274 (97 SC 1076, 51 LE2d 326) (1977). Since Brown did not sustain its burden of showing that OCGA § 48-5-16 was applied in an unconstitutional manner, we affirm the judgment of the trial court. See *Marion*, 270 Ga. at 477 (2).

*Judgment affirmed. Miller and Mikell, JJ., concur. Pope, P. J., disqualified.*

DECIDED MARCH 19, 2001 — 

W. Wheeler Bryan, Marie B. Hannon, Scott M. Dixon, for appellant.

Maddox, Nix, Bowman & Zoeckler, Thomas A. Bowman, Robert L. Zoeckler, for appellee.