22920, 22924.   FLEMING v. DANIELL, Commissioner of Roads
& Revenues of Carroll County; and vice versa.

ARGUED APRIL 12, 1965—DECIDED MAY 10, 1965.

*Robert D. Tisinger, David H. Tisinger, Tisinger & Tisinger,*
for plaintiff in error.

*Gilbert & Head, Aubrey W. Gilbert,* contra.

ALMAND, Justice.   The main bill of exceptions seeks a review
of an order denying a writ of mandamus absolute and the cross
bill assigns error on the overruling of general demurrers to a
petition for mandamus.

The petition of E. W. Fleming alleged: that the Georgia Gen-
eral Assembly in its session of 1964 created the position of As-
sistant Solicitor General of the Coweta Judicial Circuit (Ga. L.
1964, pp. 361-362) and at its special session in 1964, provided
that Carroll County should pay to said Assistant Solicitor Gen-
eral the sum of $87.50 per month for his services (Ga. L. 1964,
Ex. Sess., p. 13); that pursuant to the provisions of said Acts
he was appointed Assistant Solicitor General of the Coweta Ju-
dicial Circuit; that he has performed the duties of said office
since May 22, 1964, the date of his appointment, but the de-
fendant, J. C. Daniell, sole Commissioner of Roads and Revenues
of Carroll County, and fiscal authority for said county, has failed
and refused to pay his salary of $87.50 per month for the months
of June through October of 1964.   The prayer was that a man-
damus absolute be granted requiring the defendant to make
such payments.

By general demurrers and answer the defendant asserted that the Act of the General Assembly and the amendment thereto creating the position of Assistant Solicitor General of the Coweta Judicial Circuit was invalid and void as being violative of (a) Art. III, Sec. VII, Par. XV (*Code Ann.* § 2-1915); (b) Art. VI, Sec. XI, Par. I (*Code Ann.* § 2-4601); (c) Art. VI, Sec. XII, Par. I (*Code Ann.* § 2-4701) and (d) Art. I, Sec. IV, Par. I (*Code Ann.* § 2-401) of the Constitution of Georgia.

The court overruled the general demurrers. The case was submitted on an agreed statement of fact. After a hearing the court entered an order denying the plaintiff's prayers for mandamus absolute.

The correctness of the ruling on the general demurrers being controlling on the main issue in the case—the validity of the Act of 1964 creating the position—we examine first the errors assigned in the cross bill of exceptions.

Art. VI, Sec. XI, Par. I (*Code Ann.* § 2-4601) provides that there shall be a solicitor general for each judicial circuit. Sec. XII, Par. I (*Code Ann.* § 2-4701) of said article provides for the payment of the salary of the solicitor general and Par. II (*Code Ann.* § 2-4702) relates to abolishing or reinstating the fees of the solicitor general. Neither the Constitution nor a general law affecting the office of solicitor general in all judicial circuits in the State makes any provision for the appointment or election of an assistant solicitor general.

It appears without dispute that the Act of 1964 creating the office of Assistant Solicitor General of the Coweta Judicial Circuit as well as the amendment to the Act, which fixed the compensation for such office, was passed as a general law. It is contended by the defendant that the Act creating the position as well as the amendment thereto is invalid in that it violates Art. III, Sec. VII, Par. XV (*Code Ann.* § 2-1915) because these Acts were local or special bills and no notice of intention to introduce them in the General Assembly had been given by advertisement as required by said Constitution.

An examination of these two Acts discloses that no notice was given. In our opinion these two Acts are local or special laws, and being passed not in conformity with the above stated

constitutional provisions, they are null and void. One of the main purposes of this constitutional provision was to prevent local and special laws which affected only a particular locality, such as a county or municipality, from becoming laws unless notice of intention to introduce such bills be given during a specified time preceding their introduction in the General Assembly by newspaper advertisement published in the locality affected, the object being to prevent duties and obligations being imposed on local governments without giving those in charge of such governments an opportunity to oppose their passage. The Act of 1964, as amended, provides that the Assistant Solicitor General of the Coweta Judicial Circuit shall receive as compensation for his services a salary of $400 per month to be paid at the rate of $87.50 per month for four of the counties and $50 per month for the remaining county in the circuit. The Acts in question affect only these counties. They are local and special Acts.

Though not decisive of the question before us, it is significant that since the adoption of the Constitution of 1945 the General Assembly, by several Acts, has created the office of assistant solicitor general in several judicial circuits. In none have we found that such position was created by a general law applicable to only one circuit. Ga. L. 1956, p. 735 authorized the appointment of an assistant solicitor general in circuits having two or more judges; Ga. L. 1956, p. 2612, Ga. L. 1961, p. 214 and Ga. L. 1962, p. 673 provided for an assistant solicitor general by general laws with local application on a population basis; Ga. L. 1951, p. 3, Ga. L. 1955, p. 3157, Ga. L. 1956, p. 385 and Ga. L. 1961, p. 49 provided for assistant solicitors general by local bills after advertisement. In Ga. L. 1960, p. 149, an assistant solicitor general was provided for by an amendment to the Act creating the judicial circuit.

The court erred in overruling the general demurrer to plaintiff's petition.

*Judgment reversed on the cross bill; main bill dismissed. All the Justices concur.*