A02A0491. CITY OF DECATUR et al. v. DEKALB COUNTY.
(567 SE2d 332)

MILLER, Judge.

The City of Decatur and several other cities appeal from the trial court's judgment on the pleadings in favor of DeKalb County, ruling that an agreement between DeKalb and the cities violated the plain language of Georgia's Homestead Option Sales and Use Tax ("HOST") statute. OCGA § 48-8-100 et seq. On appeal the cities contend that the trial court erred by (1) holding that the Intergovernmental Agreement between DeKalb County and the cities violated the plain language of the HOST statute, (2) applying the wrong legal standard to DeKalb County's motion for judgment on the pleadings, and (3) failing to hold that the Intergovernmental Agreement between DeKalb County and the cities was authorized by the Georgia Constitution. Since we find that the agreement in question violates the express provisions of the HOST statute, we discern no error and affirm.

The record reveals that in 1997 DeKalb County voters approved a HOST, which allowed the county to levy a one percent sales tax that would generate tax revenue to be used for a special district. OCGA § 48-8-102 (b). Pursuant to the HOST statute, a portion of the tax revenue, not to exceed 20 percent, must be used to fund capital outlay projects in the county. OCGA § 48-8-104 (c) (2) (A) (i), (ii). In order to facilitate the distribution of this revenue, DeKalb County entered into an Intergovernmental Agreement with several cities whereby it would expend some of the tax funds for capital outlay

projects within the incorporated portions of the county. The agreement stated that:

> DeKalb County, upon receiving the proceeds of the homestead exemption local option sales and use tax beginning with proceeds collected in the calendar year 1998, for a period of forty nine (49) years, or until such homestead exemption local option sales and use tax is terminated or discontinued by law or referendum, *shall disburse on an annual basis to each Municipality* a proportionate amount of the 20% allocation of the homestead exemption local option sales and use tax dedicated for capital outlay projects.

Although the cities were required to submit written reports to DeKalb County regarding what was being done with the disbursed proceeds, DeKalb had little power to control how the money was used. As stated in the agreement, the purpose of the written report was "to provide the County with an activities report and [was] not meant to grant or infer in any way project approval powers to the County, except to determine whether a project meets the criteria for a capital outlay project." If one of the municipalities chose to use the disbursed revenue for an inappropriate purpose (something other than capital outlay projects), DeKalb's only recourse under the agreement was to terminate the agreement with that municipality.

Pursuant to the sales and use tax, DeKalb County collected over $75 million in tax revenue. When several municipalities received less money than they expected to receive under their agreement with DeKalb, they sued DeKalb for breach of contract and attorney fees. DeKalb County moved for a judgment on the pleadings, contending that the agreement was void. The trial court held that the agreement between DeKalb and the cities violated the plain language of the HOST statute by forcing DeKalb to give the tax revenue to the municipalities without having any real control over how the money would be used, and the court accordingly entered a judgment in favor of DeKalb County. Decatur and the various other cities involved in the agreement appeal from this ruling.

1. Decatur and the other cities contend that the trial court erred by holding that their agreement with DeKalb County violated the plain language of the HOST statute. We disagree.

"On motion for judgment on the pleadings, the trial court is required to accept all well pleaded material allegations of fact as true, but need not adopt a party's legal conclusions based on these facts. [Cits.]" *Lewis v. Turner Broadcasting System*, 232 Ga. App. 831, 832 (2) (503 SE2d 81) (1998). In considering such motion, a trial court may properly consider an exhibit contained within the plead-

ings such as a contract. See id. We review the grant of a judgment on the pleadings to determine whether the undisputed facts that appear from the pleadings show that the moving party is entitled to judgment as a matter of law. *Christner v. Eason*, 146 Ga. App. 139, 140 (245 SE2d 489) (1978).

In addition, the construction of a contract is a question of law for the court that is subject to de novo review. *Deep Six v. Abernathy*, 246 Ga. App. 71, 73 (2) (538 SE2d 886) (2000). As the only issue to be resolved here is the legal question of whether the Intergovernmental Agreement violated the plain language of the HOST statute, the trial court's decision on this legal issue is subject to de novo review. See *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000) (questions of law subject to de novo review); cf. *Redfern Meats v. Hertz Corp.*, 134 Ga. App. 381, 383 (2) (215 SE2d 10) (1975) (" 'The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted in the pleadings and only questions of law remain.' [Cit.]").

The HOST statute expressly provides that "the *county* . . . shall levy a local sales and use tax at a rate of 1 percent." (Emphasis supplied.) OCGA § 48-8-102 (b). "The sales and use tax levied pursuant to this article *shall be exclusively administered and collected by the commissioner for the use and benefit of each county* whose geographical boundary is conterminous with that of a special district." (Emphasis supplied.) OCGA § 48-8-104 (a). Furthermore, "proceeds of the sales and use tax *shall be distributed to the governing authority of the county* whose geographical boundary is conterminous with that of the special district . . . [and a] portion of such proceeds shall be expended for the purpose of funding capital outlay projects. . . ." (Emphasis supplied.) OCGA § 48-8-104 (c) (2) (A).

Although the statute expressly provides that the county bears the responsibility for expending the tax proceeds for capital outlay projects, the Intergovernmental Agreement seeks to shift that responsibility to the municipalities. Contrary to the structure set forth in the statute, the county has little power under the agreement to control what is done with the tax proceeds once they are given to the municipalities. Absent some form of legislative authority, it is inappropriate for a county to simply give its tax revenue to a municipality and allow that municipality to control what is done with the revenue. See *City Council of Augusta v. Mangelly*, 243 Ga. 358, 362 (1) (254 SE2d 315) (1979) ("[I]t can never be a valid county purpose to provide [its tax] revenue to a municipality, because municipalities are not citizens of nor creatures of counties — they are an entirely different form of government."), superseded by statute on other grounds as noted in *Nielubowicz v. Chatham County*, 252 Ga. 330, n. 1 (312 SE2d 802) (1984). If the legislature had intended for counties

to share HOST proceeds with cities in the manner described in the Intergovernmental Agreement, it could have so stated. See *Bd. of Commrs. of Taylor County v. Cooper*, 245 Ga. 251, 256 (2) (264 SE2d 193) (1980). The agreement here is contrary to the express language of the HOST statute, is not authorized by law, and therefore cannot stand. See *Atlanta Independent School System v. Lane*, 266 Ga. 657, 659 (4) (469 SE2d 22) (1996) (to be valid, an intergovernmental agreement " 'must deal with activities, services, or facilities which the contracting parties are authorized by law to undertake or provide' ") (citation omitted). Since the trial court properly reached this conclusion based on the undisputed facts of the pleadings and the contract at issue, we hold that the trial court did not err by granting a judgment on the pleadings in favor of DeKalb County.

2. In light of our holding in Division 1, appellants' remaining enumerations are moot.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 18, 2002 — ▮▮▮▮▮▮▮▮

*Wilson, Morton & Downs, Robert E. Wilson, Bryan A. Downs, Justin H. Hayes, Fowler, Hein, Cheatwood & Passino, Joe L. Fowler, Edward E. Carter, Susan M. Pruett, Ted C. Baggett,* for appellants.

*King & Spalding, L. Joseph Loveland, Jr., Letitia A. McDonald, Benjamin W. Pope, Charles G. Hicks, Joan F. Roach,* for appellee.