S02G1617. CITY OF DECATUR et al. v. DeKALB COUNTY.
(589 SE2d 561)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *City of Decatur v. DeKalb County*, 255 Ga. App. 868 (567 SE2d 332) (2002),

to determine whether the Court of Appeals properly interpreted the Homestead Option Sales and Use Tax Act ("HOST"), OCGA § 48-8-100 et seq., to prohibit a certain intergovernmental agreement. Finding that it did not, we reverse.

HOST allows for a special sales tax to be levied in a special tax district if the voters of that district so approve. OCGA § 48-8-102. A portion of the tax, not to exceed 20 percent, is to be used to fund "capital outlay" projects. OCGA § 48-8-104 (c) (2) (A). The voters of DeKalb County approved such a tax for a special district to be coterminous with the boundaries of the County, and, to facilitate the capital outlay requirement, the County entered into an intergovernmental agreement with several cities inside the County. A dispute arose over the amount of money the County proposed to disburse to the cities under the agreement, and some of the cities (the "Cities") sued the County for breach of contract and attorney fees. The County moved for judgment on the pleadings, contending that the agreement was void. The trial court granted the motion, and the Court of Appeals affirmed, holding that HOST requires that the County alone administer the tax funds, and that it could not, by contract, shift that responsibility to the Cities. *City of Decatur*, supra at 870 (1). In doing so, the Court of Appeals relied upon *City Council of Augusta v. Mangelly*, 243 Ga. 358, 362 (1) (254 SE2d 315) (1979). But that reliance is misplaced.

*Mangelly* involved an analysis that is not applicable here. It dealt with a precursor to this State's current Local Option Sales Tax ("LOST") statute, now found at OCGA § 48-8-80 et seq. The statute at issue in *Mangelly* was not enacted pursuant to the special district provision of the Constitution, which is currently found at Article IX, Section II, Paragraph VI. The statute in *Mangelly* provided for a county tax with proceeds to be distributed between the county and municipalities therein, see Ga. L. 1975, p. 984, and this Court found the statute to be an unconstitutional attempt to establish a purpose for a county tax that was not authorized in the Constitution; i.e., to generate county funds to be provided to a municipality. *Mangelly*, supra at 362 (1).

After the decision in *Mangelly*, "[t]he General Assembly immediately passed the 1979 Local Option Sales Tax Act." *Board of Commrs. of Taylor County v. Cooper*, 245 Ga. 251 (264 SE2d 193) (1980). In doing so, the General Assembly acted pursuant to the "special district" power now found at Article IX, Section II, Paragraph VI, and, established 159 special districts, each to be coterminous with the State's 159 counties. This Court found in *Board of Commrs. of Taylor County*, supra, that a district tax created under that constitutional provision is not a "county tax" within the meaning of *Mangelly*, and that distribution of the proceeds from such a district tax to munici-

palities does not violate the principles of *Mangelly*.

The HOST statute specifically states that, "[p]ursuant to the authority granted by Article IX, Section II, Paragraph VI of the Constitution of this state, there are created within this state 159 special districts" which are coterminous with the boundaries of the state's 159 counties. OCGA § 48-8-102 (a). That constitutional provision allows special districts to be created "for the provision of local government services within such districts; and . . . to construct and maintain facilities therefor." Ga. Const. of 1983, Art. IX, Sec. II, Par. VI. Thus, HOST, like the LOST statute at issue in *Board of Commrs. of Taylor County*, supra, also implements a district tax under the "special district" constitutional provision.[1] It does not violate *Mangelly*'s proscriptions on *county* taxes, and the Court of Appeals erred in so holding.

Further, the Court of Appeals incorrectly found that "the only issue to be resolved here is . . . whether the Intergovernmental Agreement violated the plain language of the HOST statute. . . ." *City of Decatur*, supra at 870 (1). Intergovernmental agreements are provided for in this State's Constitution. Ga. Const. of 1983, Art. IX, Sec. III, Par. I. That power cannot be limited by HOST or any other *statutory* pronouncement. *Walker v. McKenzie*, 209 Ga. 653, 657 (2) (74 SE2d 870) (1953). However, the trial court made no ruling as to whether the agreement at issue was authorized under the Constitution, ruling instead, incorrectly, on a statutory ground.

*Judgment reversed. Fletcher, C. J., Sears, P. J., Benham and Thompson, JJ., and Judge Mary E. Staley and Judge Lawton E. Stephens concur. Hunstein and Carley, JJ., disqualified.*

DECIDED NOVEMBER 10, 2003.

*Wilson, Morton & Downs, Robert E. Wilson, Bryan A. Downs, Justin H. Hayes, Hugh R. Powell, Jr., Fowler, Hein, Cheatwood, Passino & Williams, Joe L. Fowler*, for appellants.

*Charles G. Hicks, William J. Linkous III, Howard W. Indermark, King & Spalding, Jennifer R. Vala, Troutman Sanders, Michael V. Coleman, Norman L. Underwood, Kevin G. Meeks, Michael E. Johnson*, for appellee.

---

[1] Under HOST, the County is the special tax district's agent for collection and expenditure functions. See *Youngblood v. State of Ga.*, 259 Ga. 864, 865 (2) (388 SE2d 671) (1990).

*Susan M. Pruett, Ted C. Baggett, Glaze, Glaze & Fincher, Kirby A. Glaze*, amici curiae.