S08G0105. CITY OF DECATUR et al. v. DeKALB COUNTY.

(668 SE2d 247)

BENHAM, Justice.

We granted a writ of certiorari to the Court of Appeals questioning whether that court had appellate jurisdiction of the most recent appeal filed in this litigation between DeKalb County and several of the municipalities located within the county, and questioning the Court of Appeals's interpretation of "services," as that term is used in the Intergovernmental Contracts Clause of the Georgia Constitution. 1983 Ga. Const., Art. IX, Sec. III, Par. I (a). *DeKalb County v. City of Decatur*, 287 Ga. App. 370 (651 SE2d 774) (2007). We conclude that the appeal falls within the appellate jurisdiction of the Court of Appeals because the trial court did not make a specific, distinct ruling on the constitutionality of the intergovernmental agreement, thus taking the case out of this Court's exclusive appellate jurisdiction of a case which requires the construction of a constitutional provision that has not been construed previously; however, we also conclude the Court of Appeals erred when, in reviewing the trial court's denial of summary judgment, it construed a provision of the Georgia Constitution. Accordingly, we vacate the judgment of the Court of Appeals and remand the case to that court with direction that it consider the trial court's denial of summary judgment without addressing the constitutional issue that was not ruled on by the trial court.

In January 1998, DeKalb County and the municipalities located within the county entered into a 49-year agreement for the expenditure of tax revenue generated by a Homestead Option Sales and Use Tax ("HOST") approved by county voters in 1997. In March 2000, after a dispute arose between the county and the municipalities concerning the method of calculating the monies to be disbursed by the county to the municipalities, several of the municipalities[1] filed a lawsuit seeking damages from the county for breach of contract, conversion, and attorney fees. In *City of Decatur v. DeKalb County*, 277 Ga. 292 (589 SE2d 561) (2003), we held that the HOST Act (OCGA § 48-8-100 et seq.) did not prohibit the parties' intergovernmental agreement and noted that the trial court had made no ruling on whether the parties' agreement was authorized under the state constitutional provision for intergovernmental agreements. Id. at 294. See 1983 Ga. Const., Art. IX, Sec. III, Par. I. Upon return of the remittitur to the trial court, DeKalb County sought summary judgment on the ground that the parties' agreement violated the

---

[1] The cities of Chamblee, Decatur, Doraville, and Stone Mountain filed the lawsuit.

state constitutional provision regarding intergovernmental agreements. The clause provides:

> The state, or any institution, department, or other agency thereof, and any county, municipality, school district, or other political subdivision of the state may contract for any period not exceeding 50 years with each other or with any other public agency, public corporation, or public authority for joint services, for the provision of services, or for the joint or separate use of facilities or equipment; but such contracts must deal with activities, services, or facilities which the contracting parties are authorized by law to undertake or provide . . . .

1983 Ga. Const., Art. IX, Sec. III, Par. I (a). The trial court denied summary judgment, finding there were

> genuine issues of material fact as to whether the requirement to expend the monies disbursed pursuant to the [agreement between the county and the municipalities] for capital outlay projects is considered an agreement to provide service or an agreement for the joint or separate use of facilities or equipment.

The trial court found there was

> a factual dispute regarding whether the [agreement] "is a tax-sharing agreement that sets out an intention to share the HOST revenues the County receives according to the calculation set out in the Agreement," . . . or whether the Cities' expenditure of funds to undertake capital outlay projects is a service to the County.

In the same order, the trial court granted summary judgment to the municipalities on the county's counterclaim.[2]

1. The Supreme Court of Georgia has exclusive appellate jurisdiction over all cases involving the construction of the state consti-

---

[2] The trial court denied appellant's request for a certificate of immediate review to pursue an interlocutory appeal of the denial of summary judgment on the constitutional ground. See OCGA § 5-6-34 (b). However, the grant of summary judgment to the municipalities on the counterclaim allowed the county to file a direct appeal in the Court of Appeals (OCGA § 9-11-56 (h)), and permitted the county to enumerate as error in that appeal the denial of the county's motion for summary judgment on the ground that the parties' agreement violated the Intergovernmental Contract Clause of the Georgia Constitution. *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980) (when a direct appeal is filed from the grant of summary judgment pursuant to OCGA § 9-11-56 (h) and the judgment is not a final judgment under

tution. 1983 Ga. Const., Art. VI, Sec. VI, Par. II; *Fulton County v. Galberaith*, 282 Ga. 314 (647 SE2d 24) (2007). "However, in order to invoke that jurisdiction, the record must show that the trial court specifically passed on the constitutional issue." Id. at 315. See also *City of Atlanta v. Columbia Pictures Corp.*, 218 Ga. 714, 719 (130 SE2d 490) (1963) ("[T]his court will never pass upon constitutional questions unless it clearly appears in the record that the point was directly and properly made in the [trial] court below and distinctly passed upon by the trial judge."). When the appellate record fails to show that the trial court ruled on the constitutional question, this Court is without jurisdiction of an appeal in which this Court's exclusive appellate jurisdiction of constitutional issues is invoked, and the appeal is transferred to the Court of Appeals. *Marr v. Ga. Dept. of Ed.*, 264 Ga. 841 (452 SE2d 112) (1995). See also *Atlanta Independent School System v. Lane*, 266 Ga. 657, 658 (1) (469 SE2d 22) (1996) ("[T]his Court does not have exclusive appellate jurisdiction over a case where the constitutional issue asserted on appeal has not been raised in and ruled upon by the trial court."); *Campbell v. J. D. Jewell, Inc.*, 220 Ga. 400 (139 SE2d 161) (1964). As the appellate record clearly reflects that the trial court did not specifically or directly pass upon the question of whether the agreement between the county and the municipalities violated the state constitution's Intergovernmental Contracts Clause, this Court's exclusive appellate jurisdiction of constitutional issues was not invoked and the appeal properly was filed in the Court of Appeals.

2. The Court of Appeals has limited jurisdiction to review constitutional questions. It has jurisdiction over cases

> "that involve the application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of Georgia or the Supreme Court of the United States." [*Pollard v. State*, 229 Ga. 698 (194 SE2d 107) (1972).]

*Watson v. State*, 283 Ga. App. 635, 637 (2) (642 SE2d 328) (2007). The Court of Appeals has jurisdiction when the constitutionality of a state law is questioned if the law has been held to be constitutional against the same attack being made, as such a case "requires merely an application of unquestioned and unambiguous constitutional

---

OCGA § 5-6-34 (a) (1), any other judgments, rulings or orders rendered in the case may be enumerated as error in the appeal).

provisions. . . ." *Zepp v. Mayor &c. of Athens*, 255 Ga. 449, 451 (2) (339 SE2d 576) (1986); *Brooks v. Meriwether Mem. Hosp. Auth.*, 246 Ga. App. 14 (1) (539 SE2d 518) (2000).

In the case at bar, the Court of Appeals believed "the case requires merely an application of unquestioned and unambiguous constitutional provisions" and determined it had appellate jurisdiction to address the county's contention that the trial court erred in denying summary judgment to the county because the agreement was invalid under the state constitution's Intergovernmental Contracts Clause. *DeKalb County v. City of Decatur*, supra, 287 Ga. App. at 372, n. 2. The Court of Appeals then defined "services" as that term is used in the constitutional clause as "the act of doing something useful for a person or company for a fee[,]" applied that definition to the facts of the case, and concluded that the agreement entered into by the county and the municipalities was not one for the provision of services as authorized by the Intergovernmental Contracts Clause. Citing several cases involving the Intergovernmental Contracts Clause that have been decided by this Court, the Court of Appeals determined that its construction of "services" was in keeping with the holdings of those cases.

We take issue with the Court of Appeals's action on two grounds. First, the Court of Appeals did not merely apply an unquestioned and unambiguous constitutional provision to the facts of the case before it. Compare *Brown & Co. Jewelry v. Fulton County Bd. of Assessors*, 248 Ga. App. 651 (548 SE2d 404) (2001) (application of due process standards to the facts of the case); *In the Interest of V. M. T.*, 243 Ga. App. 732 (1) (b) (534 SE2d 452) (2000) (application of equal protection standards); *Oswell v. State*, 181 Ga. App. 35 (351 SE2d 221) (1986) (application of standards governing unreasonable search and seizure). Instead, it construed a constitutional provision that has not been construed by this Court and then applied the newly-construed constitutional provision to the facts of the case before it. None of the cases involving the Intergovernmental Contracts Clause decided by this Court has construed "services" as used in the Clause. The Court of Appeals's jurisdiction over constitutional questions does not reach a case which " 'involve[s] construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of [this Court] or the Supreme Court of the United States.' [Cit.]" *Watson v. State*, supra, 283 Ga. App. at 637. See also *Zepp v. Mayor &c. of Athens*, supra, 255 Ga. at 451. Because this Court has exclusive appellate jurisdiction over cases involving the construction of the state constitution, the Court of Appeals erred when it construed the constitutional provision.

The second basis for our disagreement with the Court of Appeals having decided this case on constitutional grounds is that the same

"defect" that deprived this Court of appellate jurisdiction of the appeal bars the Court of Appeals from entertaining any constitutional issue involving the Intergovernmental Contracts Clause. The constitutional issue was not before the Court of Appeals since, as discussed in Division 1, supra, the trial court did not rule on the constitutional question. *Decatur Fed. S&L Assn. v. Litsky*, 207 Ga. App. 752 (2) (429 SE2d 300) (1993).

Because the Court of Appeals was without jurisdiction to construe a constitutional provision, we vacate its judgment. Because the constitutional issue was not properly before the Court of Appeals since the trial court did not specifically or distinctly rule upon the constitutional issue, the case is remanded to the Court of Appeals with direction that it examine, after recognizing that the constitutional issue is not ripe for review, whether the trial court erred in denying summary judgment to the county. If the Court of Appeals determines that the trial court erred in its conclusion that genuine issues of material fact exist, the Court of Appeals should vacate the trial court's judgment and remand the case to the trial court in order that the trial court might address the constitutional issue.

*Judgment vacated and case remanded with direction. Sears, C. J., Thompson, Hines, Melton, JJ., and Judges Wendy L. Shoob and Joseph Booth concur. Hunstein, P. J., and Carley, J., disqualified.*

DECIDED OCTOBER 6, 2008.

*Wilson, Morton & Downs, Robert E. Wilson, Bryan A. Downs, Roslyn S. Mowatt, Keri P. Ware*, for appellants.

*King & Spalding, Letitia A. McDonald, Jason R. Edgecombe, L. Joseph Loveland, Jr.*, for appellee.