A07A1204. DEKALB COUNTY v. CITY OF DECATUR et al.
(677 SE2d 391)

BERNES, Judge.

In *City of Decatur v. DeKalb County*, 284 Ga. 434 (668 SE2d 247) (2008), the Supreme Court of Georgia vacated our most recent opinion in this action involving a contract dispute over the disbursement of tax proceeds between DeKalb County and several cities located therein.[1] See *DeKalb County v. City of Decatur*, 287 Ga. App. 370 (651 SE2d 774) (2007). The Supreme Court held that we erred by addressing the constitutional issue of whether the contract in question was one for services under the Intergovernmental Contracts Clause of the Georgia Constitution of 1983, Art. IX, Sec. III, Par. I (a). Thus, we vacate our previous opinion and adopt the opinion of the Supreme Court as our own. Furthermore, for the reasons discussed below, we vacate the trial court's judgment and remand the case to that court to address the constitutional issue in the first instance.

This case has a long procedural history and has been before our appellate courts on more than one occasion. In January 1998, DeKalb County and the Cities entered into a 49-year agreement under which the County was required to make annual disbursements to the Cities from tax proceeds generated from a Homestead Option Sales Tax ("HOST") approved by county voters (the "Agree-

---

[1] The cities are the City of Decatur, the City of Chamblee, the City of Doraville, and the City of Stone Mountain (collectively, the "Cities").

ment"). A dispute subsequently arose over how to calculate the disbursements owed to the Cities. As a result, in March 2000, the Cities commenced the instant action for breach of contract, conversion, and attorney fees against DeKalb County, alleging that the County had failed to accurately calculate and distribute the HOST tax proceeds under the Agreement.

DeKalb County moved for judgment on the pleadings, which the trial court granted on the ground that the Agreement violated the HOST statute. While this Court initially affirmed, see *City of Decatur v. DeKalb County*, 255 Ga. App. 868 (567 SE2d 332) (2002), the Supreme Court of Georgia granted a writ of certiorari and reversed the judgment. See *City of Decatur v. DeKalb County*, 277 Ga. 292 (589 SE2d 561) (2003). The Supreme Court, however, left open the issue of whether the Agreement violated the Intergovernmental Contracts Clause of the Georgia Constitution.[2] See *City of Decatur*, 277 Ga. at 294.

On remand to the trial court, DeKalb County moved for summary judgment on the ground that the Agreement violated the Intergovernmental Contracts Clause. According to the County, the Agreement was a tax-sharing agreement rather than a contract pertaining to the provision of services, and, therefore, was constitutionally invalid.[3] The trial court denied the County's motion. Specifically, the trial court concluded:

> Upon review and consideration of the motion and brief in responsé, and after hearing argument of counsel, the Court finds that there remain genuine issues of material fact as to whether the requirement to expend the monies disbursed pursuant to the [Agreement] for capital outlay projects is considered an agreement to provide services. . . . There is a factual dispute regarding whether the [Agreement] is a tax-sharing agreement that sets out an intention to share

---

[2] The Intergovernmental Contract Clause provides in relevant part:
The state, or any institution, department, or other agency thereof, and any county, municipality, school district, or other political subdivision of the state may contract for any period not exceeding 50 years with each other or with any other public agency, public corporation, or public authority for joint services, for the provision of services, or for the joint or separate use of facilities or equipment; but such contracts must deal with activities, services, or facilities which the contracting parties are authorized by law to undertake or provide. . . .
Ga. Const. of 1983, Art. IX, Sec. III, Par. I (a).

[3] There are two requirements for a valid intergovernmental contract: "First, the contract must pertain to the provision of services, or the joint or separate use of facilities or equipment. Second, the contract must deal with activities, services, or facilities which the contracting parties are authorized by law to undertake or provide." (Punctuation and footnotes omitted.) *Greene County School Dist. v. Greene County*, 278 Ga. 849, 851 (607 SE2d 881) (2005).

the HOST revenues the County receives according to the calculation set out in the Agreement, . . . or whether the Cities' expenditure of funds to undertake capital outlay projects is a service to the County. . . . Therefore, the [County's] Motion for Summary Judgment as to whether the [Agreement] is authorized by the Intergovernmental Contracts Clause of Article IX of the Georgia Constitution is DENIED.

DeKalb County then appealed to this Court.[4]

On appeal, we held that the trial court should have granted summary judgment to DeKalb County because the Agreement was not a contract pertaining to the provision of services as that term was understood under the Intergovernmental Contracts Clause and thus was constitutionally invalid. See *DeKalb County*, 287 Ga. App. at 372-375 (1). The Supreme Court, however, granted a writ of certiorari and held that we erred by construing the meaning of the term "services" under the Intergovernmental Contracts Clause for two reasons. See *City of Decatur*, 284 Ga. 434. First, the Supreme Court held that we lacked appellate jurisdiction to construe the meaning of that term because it had not previously been construed by the Supreme Court. See id. at 437-438 (2). See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1) (Supreme Court has exclusive appellate jurisdiction over "[a]ll cases involving the construction . . . of the Constitution of the State of Georgia or of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question."). Second, the Supreme Court held that we overstepped in addressing the constitutional issue because the trial court did not "specifically or directly" rule upon whether the Agreement violated the Intergovernmental Contracts Clause. See *City of Decatur*, 284 Ga. at 436 (1), 437-438 (2). Accordingly, the Supreme Court vacated the judgment and remanded to this Court with the following instruction:

> If the Court of Appeals determines that the trial court erred in its conclusion that genuine issues of material fact exist, the Court of Appeals should vacate the trial court's judgment and remand the case to the trial court in order that the trial court might address the constitutional issue.

---

[4] The trial court also granted summary judgment to the Cities on certain separate issues. DeKalb County was authorized to file a direct appeal from that order under OCGA § 9-11-56 (h) and then enumerate as error the trial court's denial of the County's motion for summary judgment as to whether the Agreement violated the Intergovernmental Contracts Clause. See *City of Decatur*, 284 Ga. at 436, n. 2.

Id. at 438 (2). In accordance with this directive, we turn to the trial court's denial of summary judgment to DeKalb County.

In denying summary judgment to the County, the trial court ruled that a factual dispute existed over whether the Agreement was a tax-sharing agreement or a contract pertaining to the provision of services. But resolution of this issue does not turn on any factual dispute between the parties. Rather, as both parties indicate in their appellate briefs, resolution of this issue is a legal question requiring the trial court to look only to the four corners of the Agreement and determine whether it is a contract pertaining to the provision of services, as that term is understood under the Intergovernmental Contracts Clause. See *Guhl v. Davis*, 242 Ga. 356, 357 (249 SE2d 43) (1978) (determining the constitutionality of a legislative enactment is a legal question for the courts to decide); *Yargus v. Smith*, 254 Ga. App. 338, 339 (562 SE2d 371) (2002) (in construing a contract, courts "must look to the four corners of the document" and cannot consider parol evidence unless there is an ambiguity that cannot be resolved by employing the rules of contract construction).[5] The trial court, however, did not construe the language of the Agreement itself or address whether the Agreement constitutes a contract pertaining to the provision of services in accordance with the requirements of the Intergovernmental Contracts Clause.

For these reasons, we conclude that the trial court applied an erroneous legal analysis in denying summary judgment to DeKalb County, and, therefore, we vacate the trial court's judgment. See *Planning Technologies v. Korman*, 290 Ga. App. 715, 720 (660 SE2d 39) (2008) (vacating trial court's summary judgment order and remanding for consideration under the proper legal framework); *Coleman v. DaimlerChrysler Svcs. of North America*, 276 Ga. App. 336, 339-340 (623 SE2d 189) (2005) (same). On remand, the trial court should look to the four corners of the Agreement and directly address and resolve the constitutional issue of whether the Agreement is a contract pertaining to the provision of services under the Intergovernmental Contracts Clause. Any appeal from the trial court's ruling on the constitutional issue should then be directed to the Supreme Court. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

*Judgment vacated and case remanded with instruction. Blackburn, P. J., and Doyle, J., concur.*

---

[5] Neither party points to any unresolvable ambiguities in the contractual language that would require the consideration of parol evidence in deciding whether the Agreement is one for services under the Intergovernmental Contracts Clause.

DECIDED APRIL 6, 2009.

King & Spalding, Jennifer R. Vala, L. Joseph Loveland, Jr., Letitia A. McDonald, for appellant.

Wilson, Morton & Downs, Robert E. Wilson, Bryan A. Downs, Keri P. Ware, Hugh R. Powell, Jr., Joe L. Fowler, for appellees.

James F. Grubiak, Ted C. Baggett, amici curiae.