# Court of Appeals
# of the State of Georgia

ATLANTA,  July 28, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1636. BALDWIN COUNTY v. DEPARTMENT OF BEHAVIORAL HEALTH AND DEVELOPMENTAL DISABILITIES FOR THE STATE OF GEORGIA et al.**

The trial court granted in part and denied in part defendants Georgia Department of Behavioral Health and Developmental Disabilities's ("DBHDD") and its Commissioner's motion to dismiss Baldwin County's complaint, which arose from a dispute over a 50-year agreement between the County and the former Georgia Department of Human Resources ("DHR") regarding the County's provision of fire protection and related services at Central State Hospital. The court dismissed the County's claims for breach of contract, specific performance, and injunctive relief as barred by sovereign immunity, but denied the defendants' motion to dismiss as to the claims for mandamus and attorney fees. The County appeals.

The Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)). The trial court here determined that the agreement at issue was invalid under the state constitution's Intergovernmental Contracts Clause. Specifically, the court concluded that the agreement did not "deal with activities, services, or facilities which the contracting parties are authorized by law to undertake or provide[,]" as required by Ga. Const. of 1983, Art. IX, Sec. III, Par. I (a), because DBHDD is not authorized to provide fire protection services as the former DHR was. Because it appears that the

trial court construed portions of the Intergovernmental Contracts Clause in reaching its decision, jurisdiction over this appeal may lie in the Supreme Court. See *City of Decatur v. DeKalb County*, 284 Ga. 434, 438 (2) (668 SE2d 247) (2008) (observing that the Court of Appeals was without jurisdiction to construe a constitutional provision). As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*   07/28/2023

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*