# Court of Appeals
# of the State of Georgia

ATLANTA,  February 07, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0378. THE MEDICAL CENTER OF CENTRAL GEORGIA, INC. et al v. NORKESIA TURNER et al.**

In the above-referenced appeal, Norkesia Turner sued Dr. William Thompson; Dr. Heather Nolan; and their employer, the Medical Center of Central Georgia ("the appellants") for medical malpractice and wrongful death—both claims arising from the doctors' alleged negligence during surgery of her father, which she contends caused his death. Following trial, the jury entered a verdict in Turner's favor, awarding her approximately $9.2 million in damages, $7.2 million of which were for noneconomic damages designated specifically to the wrongful-death claim. In relevant part, the appellants argue the jury's award of $7.2 million in noneconomic damages for wrongful death exceeded the damages caps in OCGA § 51-13-1.[1] But we have serious reservations as to whether this Court has jurisdiction to consider the constitutional question presented in this appeal.

The question of whether the limits on noneconomic damages in a medical-malpractice action under OCGA § 51-13-1 apply to a wrongful-death claim arising from medical malpractice is a constitutional issue that has yet to be *explicitly* addressed by the Supreme Court of Georgia, which has exclusive jurisdiction, *inter alia*, over "all cases in which the constitutionality of a law, ordinance, or constitutional provision has

---

[1] The appellants also argue that Turner failed to present sufficient evidence of causation to support her negligence claim, but causation is not at issue regarding jurisdiction.

been drawn in question."[2]

To be sure, our Supreme Court has interpreted the foregoing jurisdictional provision as extending "only to constitutional issues . . . that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack."[3] As a result, this Court has limited jurisdiction to review constitutional questions in cases involving

> the application, in a general sense, of *unquestioned and unambiguous provisions of the Constitution* to a given state of facts and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of Georgia or the Supreme Court of the United States.[4]

Importantly, the Supreme Court of Georgia "will never pass upon constitutional questions unless it clearly appears in the record that the point was directly and properly made in the [trial] court below and distinctly passed upon by the trial judge."[5] And here, the trial court ruled that our Supreme Court's decision in *Atlanta Oculoplastic Surgery, P.C. v. Nestlehutt*[6] conclusively decided the constitutional

---

[2] Ga. Const. of 1983 Art. VI, § VI, Par. II (1); *see also Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016) (punctuation omitted); *accord Fox v. Norfolk S. Corp.*, 342 Ga. App. 38, 43 (1) (802 SE2d 319) (2017).

[3] *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018) (punctuation omitted).

[4] *Davis*, 303 Ga. at 687-88 (1) (emphasis supplied); *accord City of Decatur v. DeKalb Cnty.*, 284 Ga. 434, 436 (2) (668 SE2d 247) (2008).

[5] *Nathans v. Diamond*, 282 Ga. 804, 807 (2) (654 SE2d 121) (2007) (punctuation omitted).

[6] 286 Ga. 731 (691 SE2d 218) (2010).

issue presented in this case in Turner's favor. Specifically, the trial court determined that *Nestlehutt* unequivocally held that OCGA § 51-13-1 was unconstitutional and did not exclude any aspect of the statute, which included wrongful-death claims in the medical malpractice context.[7] In this respect, it is undisputed that the text of that statute refers to medical-malpractice claims, including wrongful death.[8] It is also true *Nestlehutt* held that the caps on noneconomic damages in OCGA § 51-13-1 were unconstitutional as to tort cases "involving medical negligence" and "involving the negligence of a health care provider."[9]

---

[7] *See* OCGA § 51-13-1 ("In any verdict returned or judgment entered in a medical malpractice action, *including an action for wrongful death*, against one or more health care providers, the total amount recoverable by a claimant for noneconomic damages in such action shall be limited to an amount not to exceed $350,000.00, regardless of the number of defendant health care providers against whom the claim is asserted or the number of separate causes of action on which the claim is based." (emphasis supplied)); *see infra* note 8.

[8] *See supra* note 7. As noted by the trial court, the *Nestlehutt* Court made two seemingly unqualified statements that the damages caps in OCGA § 51-13-1 are unconstitutional. Specifically, at the outset of the opinion, the Supreme Court noted that, "[b]ased on our review of the record and the applicable law, we find that the noneconomic damages caps in OCGA § 51–13–1 violate the constitutional right to trial by jury . . . ." *Nestlehutt*, 286 Ga. at 731. And later in the opinion, the *Nestlehutt* Court reiterated that "we conclude that the noneconomic damages caps in OCGA § 51–13–1 violate the right to a jury trial as guaranteed under the Georgia Constitution." *Nestlehutt*, 286 Ga. at 738 (2) (b). Given that OCGA § 51-13-1 includes wrongful death as a type of medical-malpractice claim and the *Nestlehutt* Court did not *explicitly* exclude wrongful-death claims involving medical negligence from its holding, it is perfectly understandable that the trial court felt bound by *Nestlehutt*. *See* Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI ("The decisions of the Supreme Court shall bind all other courts as precedents.").

[9] *Nestlehutt*, 286 Ga. at 735 (2) (a); *see Taylor v. Devereux Found., Inc.*, 316 Ga. 44, 59 (B) (III) (885 SE2d 671) (2023) ("[T]he claim that was restricted by the statute—a claim for non-economic damages in a tort case *involving* medical negligence—was within the scope of the constitutional right to trial by jury in

Nevertheless, the appellants maintain the $350,000 cap for noneconomic damages in OCGA § 51-13-1 survives in some form and applies here because *Nestlehutt* involved only a medical-malpractice claim; so, they argue, the ruling in that case does not apply to the statutory caps as to wrongful-death claims. Indeed, they contend *Nestlehutt* could not have ruled that the statutory caps on noneconomic damages in wrongful-death cases are unconstitutional because that issue was not before the Court.[10] Of note, Turner argues this Court "does not have jurisdiction to determine whether Appellants' request to apply OCGA § 51-13-1 to the judgment for wrongful death damages violates [her] rights under Constitution of Georgia, which falls under the exclusive jurisdiction of the Georgia Supreme Court."[11]

So, while we fully acknowledge the wrongful-death claim in this case involves medical negligence and negligence of a health care provider, we nevertheless conclude that because a wrongful-death claim was not *directly* at issue in *Nestlehutt*, the issue of whether the noneconomic caps delineated in OCGA § 51-13-1 apply to wrongful-death claims—even in the context of medical malpractice—appears to be a novel constitutional question for the Supreme Court of Georgia to resolve.

---

Georgia." (emphasis supplied)); *Nestlehutt*, 286 Ga. at 734 (2) (a) ("Given the clear existence of *medical negligence* claims as of the adoption of the Georgia Constitution of 1798, we have no difficulty concluding that such claims are encompassed within the right to jury trial under Art. I, Sec. I, Par. XI (a)" (emphasis supplied)).

[10] *See* Appellant's Brief, p. 2 (arguing that the Supreme Court of Georgia "has never considered OCGA § 51-13-1's application to damages for *wrongful death*, as those circumstances were not (and could not have been) present in *Nestlehutt*," and that "[a]pplying *Nestlehutt's* framework for analyzing right to a jury trial, an award of noneconomic damages for wrongful death—a post 1798 statutory invention—falls outside the scope of the jury trial right.") (emphasis in original); *see also generally id.* at pp. 25-36.

[11] Appellees' Brief, p. 2; *see also id*. at p. 11 (noting that "the constitutionality of damages caps is an issue that falls within the exclusive jurisdiction of the Georgia Supreme Court").

In sum, because the Supreme Court of Georgia has not *directly* addressed the particular constitutional question squarely presented in this appeal, we cannot say this issue is unquestioned and unambiguous; and under such circumstances, we conclude it appropriate to transfer this case to our Supreme Court for a definitive determination as to whether it has exclusive jurisdiction over same.[12]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 02/07/2024

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , *Clerk.*

---

[12] On February 6, 2024, after holding oral argument, all three members of the panel assigned to this case voted unanimously to transfer it to the Supreme Court of Georgia for further consideration of the jurisdictional issue raised in this order.