# Court of Appeals
# of the State of Georgia

ATLANTA,  January 17, 2025

*The Court of Appeals hereby passes the following order:*

## A25A0407. STATE OF GEORGIA v. DOVETEL COMMUNICATIONS, LLC et al.

This case arises out of a granted motion for summary judgment in an action filed by Dovetel Communications, LLC, Truvista Communications of Georgia, LLC, and Parker Fibernet, LLC ("the plaintiffs") against the State of Georgia seeking declaratory relief in connection with a rate change imposed by the Georgia Department of Transportation ("GDOT") for telecommunication permits. The State moved to dismiss the plaintiffs' verified petition on the ground that the trial court lacked subject matter jurisdiction based upon sovereign immunity. The trial court denied the State's motion to dismiss and granted summary judgment in favor of the plaintiffs on the merits. In its order, it declared that contracts between the plaintiffs and  GDOT were valid, enforceable, and binding contracts that could not be unilaterally terminated by GDOT. In the same order, the trial court also enjoined GDOT "from interfering with [the plaintiffs'] contractual rights."

In one of its arguments on appeal, the State contends for the first time that the Georgia Constitution provides a limited waiver of sovereign immunity "so that a court awarding declaratory relief . . . may, only after awarding declaratory relief, enjoin such acts to enforce its judgment." Ga. Const. of 1983, Art. I, Sec. II, Par. V (b) (1). The State contends that the trial court's order exceeds this waiver of sovereign immunity because it issued declaratory and injunctive relief in the same order at the same time

rather than granting "injunctive relief only to the extent necessary to enforce a previously entered order." This issue presents a novel question involving the construction of the Constitution of the State of Georgia over which the Supreme Court of Georgia has exclusive jurisdiction. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

We recognize that this issue was not raised and ruled upon in the trial court and that this might ordinarily mean that jurisdiction of this case does not lie in the Supreme Court of Georgia. See *City of Decatur v. DeKalb County*, 284 Ga. 434, 436 (1) (668 SE2d 247) (2008). This particular issue, however, involves subject matter jurisdiction.

> Because fairness to the trial court and to the parties demands that legal issues be asserted in the trial court, absent special circumstances, an appellate court need not consider arguments raised for the first time on appeal. However, such "special circumstances" include sovereign immunity claims. That is because sovereign immunity of a State agency is not an affirmative defense, going to the merits of the case; instead it raises the issue of the trial court's subject matter jurisdiction to try the case. A court's lack of subject-matter jurisdiction cannot be waived and may be raised at any time either in the trial court, in a collateral attack on a judgment, or in an appeal.

(Citations and punctuation omitted.) *State of Ga. v. Fed. Defender Program*, 315 Ga. 319, 343 (3) (f) (882 SE2d 257) (2022). As "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction rests with [the Supreme] Court [of Georgia,]" *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476

SE2d 587) (1996), a transfer to that court appears to be warranted. Accordingly, we TRANSFER this case to the Supreme Court of Georgia for a decision.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   01/17/2025*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*