## 41337. DAVIS v. FORD.

PANNELL, Judge. 1. Where a lessee of tobacco allotment acreage and a tobacco curing barn, for a term from the date of the lease to the end of the calendar year, agrees in said lease to "take out and pay premiums on fire insurance on said barn, payable in case of loss to landlord," such language will, in the absence of a contrary intent evident elsewhere in the instrument itself, be construed as an agreement to secure insurance to protect the landlord against loss by fire to the extent of the entire building, and not just a part thereof, and, therefore, the full value of the landlord's interest, and to pay premiums therefor in whatever amount necessary. See 32 Am. Jur. 174, Landlord and Tenant, § 183; Berry v. American Cent. Ins. Co., 132 N. Y. 49 (30 NE 254, 28 ASR 548; AC 1918E 303); *Code* § 20-702. See also, *Floyd v. Kicklighter,* 139 Ga. 133 (4) (76 SE 1011).

2. Where the description of property in a lease agreement is indefinite, and contains no descriptive terms by the use of which the lands intended to be conveyed can be definitely located and identified, such instrument is fatally defective and void. *King v. Sears,* 91 Ga. 577 (18 SE 830); *McSwain v. Ricketson,* 129 Ga. 176 (58 SE 655); *Chattahoochee Fer-*

*tilizer Co. v. Quinn,* 169 Ga. 801 (151 SE 496); *Allen v. Smith,* 169 Ga. 395 (150 SE 584), citing *Luttrell v. Whitehead,* 121 Ga. 699 (49 SE 691). However, such instrument is not void for the want of description if it furnishes the key to the identification of the land intended to be conveyed. *Price v. Gross,* 148 Ga. 137 (96 SE 4); *Hollomon v. Board of Education;* 168 Ga. 359 (147 SE 882). The description contained in the present case is as follows: "2.71 acres of land on and of the Bob Ford old home place in 6th land district of Tift County, Georgia (being the place on which landlord now resides) said 2.71 acres being all of the tobacco allotment and acreage now on said place; and the location of said 2.71 acres to be planted in tobacco having been agreed upon between the parties hereto and pointed out by landlord." This description clearly furnishes the key for the identification of the land intended to be embraced within the lease.

3. Upon application of the above rulings, there was no error in overruling the demurrers to the petition.

*Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.*

SUBMITTED JUNE 8, 1965—DECIDED SEPTEMBER 8, 1965.

*Seymour S. Owens,* for plaintiff in error.

*Reinhardt, Ireland & Whitley, John S. Sims, Jr.,* contra.