### 35321. THOMAS et al. v. FAIRBURN BANKING COMPANY.

HALL, Justice.

Fairburn Banking Company is a judgment creditor of Earl Thomas. During the pendency of the suit by Fairburn Banking, Thomas conveyed certain of his properties to family members. Fairburn Banking discovered the conveyances and obtained a temporary restraining order which prevented Thomas and his family

from disposing of any of the property. After a hearing, the trial court granted Fairburn Banking a preliminary injunction preventing any disposition of the property. Thomas and his family appeal. We reverse.

Code Ann. § 81A-165 (d) provides, in pertinent part, "Every order granting an injunction and every restraining order shall be specific in terms; shall describe in reasonable detail, and *not by reference to the complaint or other document,* the act or acts sought to be restrained." (Emphasis supplied.) Although this court has not addressed the meaning of the provision forbidding incorporation in the injunction by reference to the complaint or other document, the federal courts interpreting the federal rules of civil procedure have strictly enforced this prohibition. 7 Part 2 Moore's Federal Practice 65-101, 65-105, ¶ 65.11 (2d Ed. 1948).

The trial court in the preliminary injunction enjoined the appellants "from disposing of any of their respective assets as set forth in the temporary restraining order." The attempt to incorporate a list of assets from the temporary restraining order violates Code Ann. § 81A-165 (d). See Meltzer v. Bd. of Public Instruction of Orange County, Fla., 480 F2d 552 (5th Cir. 1973). Moreover, the temporary restraining order does not contain any list of assets. Even if incorporation by reference were permissible, neither the preliminary injunction nor the temporary restraining order had such a list. Failure to detail the assets also violates the specificity requirements of Code Ann. § 81A-165 (d).

Appellee cites *General Teamsters Local Union No. 528 v. Allied Foods,* 228 Ga. 479 (186 SE2d 527) (1971), as standing for the proposition that any remedy for lack of specificity lies with the trial court. Appellee overlooks the fact that we specifically found that the injunction in *General Teamsters* complied with the requirements of Code Ann. § 81A-165 (d). That injunction did not attempt any incorporation by reference and was reasonably specific. The preliminary injunction in the case now before the court attempts an impermissible incorporation by reference and fails to be specific.

*Judgment reversed. All the Justices concur, except Marshall, J., who dissents.*

ARGUED SEPTEMBER 18, 1979 — DECIDED NOVEMBER 21, 1979.

*Thompson, Stovall, Stokes & Thompson, Fletcher Thompson,* for appellants.
*Lawrence J. McEvoy, Jr.,* for appellee.