41996. HENDRIX v. HENDRIX.

(333 SE2d 596)

BELL, Justice.

This appeal challenges the validity of an interlocutory injunction, on the ground that the injunction attempts an impermissible incorporation by reference. We agree, and reverse. Appellee Carolyn Hendrix was formerly married to Walter H. Hendrix, now deceased. Appellant Harold L. Hendrix is her husband's son by a former marriage. After her husband's death, Carolyn sued Harold, individually and as executor of Walter's estate, for cancellation of a conveyance to certain realty from Walter to appellant, and for an accounting as to rents, profits, and income from that realty; for money damages; and for specific performance of an alleged contract to make a will between Walter and appellee. She further prayed for an interlocutory injunction to restrain appellant from encumbering or otherwise lessening the value of certain realty described in the complaint (including the realty previously conveyed to appellant), the title to which she sought under the deceased's alleged promise to make a will. After holding a hearing on the request for an interlocutory injunction, the superior court issued an injunction which enjoined appellant from "disposing of or encumbering or in any way lessening the value of *any of the property named in the Complaint* until the further Order of this Court." (Emphasis supplied.) The injunction contained no other description of the subject real estate.

"Every order granting an injunction and every restraining order shall be specific in terms [and] shall describe in reasonable detail, *and not by reference to the complaint or other document,* the act or acts sought to be restrained . . . ." OCGA § 9-11-65 (d). (Emphasis supplied.) We have held that this statute requires that a specific description of property or assets which are the subject of the injunction appear on the face of the order. *Thomas v. Fairburn Banking Co.,* 244 Ga. 741 (262 SE2d 58) (1979). See *Shiver v. Benton,* 251 Ga. 284, 289 (4) (304 SE2d 903) (1983). The injunctive order in this case refers to the complaint for its sole description of the land which appellant is restrained from encumbering or conveying, and therefore attempts an impermissible incorporation by reference. Accordingly, it must be set

aside.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 5, 1985.

*Calhoun, Hubbard, Riddle & Cox, Walter W. Ballew III,* for appellant.

*Alton D. Kitchings,* for appellee.