A06A2387. VERTICALITY, INC. et al. v. WARNELL.

(640 SE2d 369)

BLACKBURN, Presiding Judge.

Verticality, Inc. and Clearshot Communications, LLC ("Verticality") appeal the grant of an interlocutory injunction enjoining them from continuing the construction of a cell phone tower located on property owned by Brooks Warnell. They contend that (1) the trial court erred in ruling that Verticality's lease was void, and (2) the trial court's order fails to follow OCGA § 9-11-65 (d), which requires specificity in injunctive orders. We hold that the lease under which Verticality claims a right to build the tower is unenforceable, but because the trial court's order was not sufficiently specific, we must vacate and remand for clarification.

"In granting or refusing preliminary injunctive relief the trial court has a wide discretion that will not be disturbed by this court unless a manifest abuse of that discretion is shown, or, as alternatively stated, unless there was no evidence on which to base the ruling." (Citations and punctuation omitted.) *Southland Dev. Corp. v. Battle.*[1]

The undisputed record shows that on March 16, 2005,[2] Verticality executed an agreement with a trust (Warnell's predecessor in interest) to lease a 100-foot by 100-foot parcel of land located within

---

[1] *Southland Dev. Corp. v. Battle*, 272 Ga. App. 211, 213 (612 SE2d 12) (2005).

[2] On March 4, 2005, a virtually identical contract was executed by an individual, but it had no effect as that individual was not the owner of the land.

a 16-acre tract owned by the trust. The lease agreement identified the leased property as "[r]eal property comprised of approximately 10,000 square feet of land" (with various easements) located "in or upon" the trust's property and "described on said Exhibit B." However, Exhibit B was left blank at the time that the agreement was executed. At the bottom of Exhibit B is the following language: "This Exhibit shall be replaced by a land survey of the Premises at Verticality's sole cost and expense." No survey was attached or otherwise made a part of the agreement at the time it was executed.

In March 2006, after the trust had transferred the land to Warnell, Verticality began clearing land to build the tower, and Warnell, through his attorney, sent a letter via certified mail to Verticality requesting them to stop construction and informing them that he did not wish to have a tower built on his property. Verticality refused to stop construction, replied that they had a valid lease with the trust, and provided a memorandum of agreement evidencing the executed lease agreement.

In May 2006, Warnell filed a petition seeking declaratory judgment that the lease was void, an injunction prohibiting further construction, and damages. Also in May, Warnell sought and was granted a temporary restraining order enjoining Verticality from further construction on Warnell's property. In June 2006, when the temporary restraining order expired, the trial court held a hearing and granted Warnell a temporary injunction prohibiting further construction and ordered him to post a $200,000 surety bond. Verticality now appeals.

1. Verticality contends that the trial court erred in concluding that the description of the leased property lacked sufficient detail and thereby rendered the lease void. We disagree.

> Where the description of property in a lease agreement is indefinite, and contains no descriptive terms by the use of which the lands intended to be conveyed can be definitely located and identified, such instrument is fatally defective and void. However, such instrument is not void for the want of description if it furnishes the key to the identification of the land intended to be conveyed.

(Citations omitted.) *Davis v. Ford.*[3] Here, the "key," the exhibit identifying the leased property, was left blank. The reference to a future survey does not cure this defect:

---

[3] *Davis v. Ford*, 112 Ga. App. 175, 175-176 (2) (144 SE2d 456) (1965).

Although a contract which contains a valid description of the property may rely on a subsequent survey to determine the exact acreage, a post-contract survey cannot be used to provide the description itself. This is so because the key relied upon must be sufficient to provide identification by reference to extrinsic evidence *which exists at the time that the contract is entered into by the parties.*

(Punctuation and footnote omitted; emphasis in original.) *Gateway Family Worship Centers v. H.O.P.E. Foundation Ministries.*[4] As the exhibit here was blank and the agreement did not refer to other extrinsic evidence in existence at the time of the contract, the description was insufficient.

Verticality argues that the indefinite description is cured by the following language in the lease: "Verticality may use the Property for the purpose of constructing, installing, removing, replacing, maintaining and operating a communications facility generally in accordance with Exhibit 'B' [which was blank] *subject to such modifications and alterations as required by Verticality* (collectively, the 'Communications Facility')." (Emphasis supplied.) Verticality contends that the emphasized language authorized them to locate the leased land anywhere on the parent tract. However, this would likewise render the agreement void as it creates an indeterminate description of the leased property, which description is an essential term of the contract. See *Nacoochee Corp. v. Suwanee Investment Partners, LLC.*[5]

Furthermore, even if the blank exhibit were not a fatal flaw in the contract, to the extent that the emphasized language creates ambiguity as to the location of the leased property, it must be construed against Verticality as the drafter of the agreement. See *Asian Square Partners, L.P. v. Ly.*[6] Appropriately construed, the lease language merely operates to describe the "Communications Facility" itself, including the equipment and accessories, and the emphasized phrase, "subject to such modifications and alterations as required by Verticality," reserves Verticality's right to modify the facility and equipment, but does not authorize them to change its location. The location of the leased premises is properly determined as noted in the description of the property (which was inadequate), not in a provision describing how Verticality may use the property.

---

[4] *Gateway Family Worship Centers v. H.O.P.E. Foundation Ministries*, 244 Ga. App. 286, 288 (2) (535 SE2d 286) (2000).

[5] *Nacoochee Corp. v. Suwanee Investment Partners, LLC*, 275 Ga. App. 444, 446 (1) (620 SE2d 641) (2005).

[6] *Asian Square Partners, L.P. v. Ly*, 238 Ga. App. 165, 167 (1) (518 SE2d 166) (1999).

2. Verticality argues that the trial court's order must be reversed because it fails to comply with OCGA § 9-11-65 (d), which states, in relevant part, "[e]very order granting an injunction and every restraining order shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." The Supreme Court of Georgia has held "that this statute requires that a specific description of property or assets which are the subject of the injunction appear on the face of the order." *Hendrix v. Hendrix.*[7] See *Thomas v. Fairburn Banking Co.*;[8] *Shiver v. Benton.*[9]

Here, the imperative portion of the order merely "grant[s] the Plaintiff's petition for a Temporary Injunction," which the order earlier described as requesting the court "to enjoin the Defendants from completing construction of the telecommunications tower." There is no other language specifying the reach or mandate of the injunction.

In light of all parties' familiarity with the subject matter of this action, we doubt that this language is "so vague or indefinite that the party enjoined entertains doubt as to what he might or might not do." *DeRose v. Holcomb.*[10] Nevertheless, the Supreme Court of Georgia has, in the context of interests in land, applied OCGA § 9-11-65 (d) strictly. See *Hendrix,* supra. To describe the property which is the subject of the injunction, the order here refers to the lease, "which gives a detailed description of the 16 acres owned by the Plaintiff." This "attempts an impermissible incorporation by reference." *Hendrix,* supra, 254 Ga. at 662. Thus, although the trial court's basis for granting the injunction is correct, we must vacate the order and remand for clarification by the trial court in compliance with OCGA § 9-11-65 (d). "A legal description of the property is not required, but simply a reasonable description that specifically identifies the property and specifies the act restrained." *Kace Investments, L.P. v. Hull.*[11]

Verticality's remaining enumerations are moot.

*Judgment vacated and case remanded. Mikell and Adams, JJ., concur.*

DECIDED DECEMBER 13, 2006.

*Brennan & Wasden, Wiley A. Wasden III, Tracie G. Smith,* for appellants.

---

[7] *Hendrix v. Hendrix,* 254 Ga. 662 (333 SE2d 596) (1985).

[8] *Thomas v. Fairburn Banking Co.,* 244 Ga. 741, 742 (262 SE2d 58) (1979).

[9] *Shiver v. Benton,* 251 Ga. 284, 289 (4) (304 SE2d 903) (1983).

[10] *DeRose v. Holcomb,* 226 Ga. 289, 289-290 (2) (174 SE2d 410) (1970).

[11] *Kace Investments, L.P. v. Hull,* 263 Ga. App. 296, 301 (3) (587 SE2d 800) (2003).

*Murray & Harvey, John D. Harvey, Leon M. Braun, Jr., Alvin G. Wells, Jr.,* for appellee.