S07A0032. FULTON COUNTY et al. v. GALBERAITH et al.
(647 SE2d 24)

CARLEY, Justice.

Steven Galberaith and Action Outdoor Advertising JV, LLC (Appellees) applied to place outdoor signs on two sites in Fulton County which were zoned C-1. Under the Fulton County sign ordinance, the proposed signs were "billboards," which meant that they would display advertising for businesses that were located elsewhere. However, such off-premise advertising is not permitted under the ordinance, which allows only on-premise advertising in areas zoned commercial. Therefore, Fulton County denied the applications.

Appellees appealed to the Fulton County Board of Zoning Appeals (Board), contending that the prohibition against off-premise signs in commercially-zoned areas was an unconstitutional violation of free speech. However, the Board affirmed the denial of the applications.

Pursuant to a petition for a writ of certiorari, Appellees appealed the denial of their applications to the superior court, and named Fulton County, the Board and the individual members of the Board (Appellants) as the respondents. After conducting a hearing, the superior court found that several sections of the sign ordinance were unconstitutional and remanded the case to the Board for reconsideration of Appellees' applications. Appellants sought a discretionary appeal from the superior court's order, and this Court granted the application.

1. This Court has exclusive appellate jurisdiction over all cases involving construction of both the Federal and Georgia Constitutions. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). However, in order to invoke that jurisdiction, the record must show that the trial court specifically passed on the constitutional issue. *Marr v. Ga. Dept. of Education*, 264 Ga. 841 (452 SE2d 112) (1995). In this case, the superior court did determine the constitutionality of the ordinance under the First Amendment of the Constitution of the United States. The order being appealed holds that,

> [i]n determining whether or not the Sign Ordinance for Fulton County is constitutional, the United States Supreme Court has set forth a four part test. See *Metromedia* [*v. City of San Diego*, 453 U. S. 490 (101 SC 2882, 69 LE2d 800) (1981)] and *Central Hudson Gas & Elec. Corp. v.* [*Public Service Comm. of New York*], 447 U. S. 557 [(100 SC 2343, 65 LE2d 341)] (1980). . . . After review of the Fulton County Sign Ordinance at issue, in light of the four part test under *Central Hudson* and its progeny, this Court finds that it is unconstitutional. . . . By creating content based exceptions to the ban on off-premise signage, the County has violated the strictures of the First Amendment, as set forth in *Central Hudson* and its progeny. . . .

However, insofar as the right to freedom of speech conferred on the citizens of this state by Art. I, Sec. I, Par. V of the Georgia Constitution of 1983 is concerned, the superior court "did not distinctly, specifically and expressly pass on the constitutional questions." *In re Boult*, 227 Ga. 564 (181 SE2d 821) (1971). Compare *Union City Bd. of Zoning Appeals v. Justice Outdoor Displays*, 266 Ga. 393 (467 SE2d 875) (1996) (superior court found that ordinance violated "the First Amendment to the United States Constitution and Art. I, Sec. I, Par. V of the Georgia Constitution"). Therefore, our jurisdiction in this case is necessarily limited to determining whether the superior court correctly ruled that the ordinance violates the First Amendment to the Constitution of the United States.

2. The superior court held that Appellees "have standing to bring both a facial and [an] as applied challenge to the Sign Ordinance at issue." Appellants concede that Appellees have "as applied" standing to contest the constitutionality of those provisions of the ordinance which were directly implicated in the denial of their applications. However, Appellants contend that the superior court erred in holding that Appellees also have standing to maintain a challenge to the facial validity of the ordinance based upon the alleged violation of the free speech rights of others.

"[T]he Supreme Court of the United States has recognized that a more relaxed standard of 'standing' applies where, as here, the constitutionality of a statute is attacked on First Amendment grounds. [Cit.]" *Bo Fancy Productions v. Rabun County Bd. of Commissioners*, 267 Ga. 341, 344 (2) (a) (478 SE2d 373) (1996). Therefore, the superior court correctly held that Appellees have standing to pursue both "as applied" and facial challenges to the constitutionality of the ordinance. *Metromedia v. City of San Diego*, supra at 504 (IV), fn. 11; *Union City Bd. of Zoning Appeals v. Justice Outdoor Displays*, supra (affirming a superior court's finding of unconstitutionality of various provisions of a local sign code which were not directly implicated in the underlying appeal from denial of application for variance).

3. The ordinance, as applied to Appellees, limits their commercial speech, in that it prevents them from placing off-premises advertising in the areas zoned C-1. However,

> [t]he Constitution [of the United States] . . . accords a lesser protection to commercial speech than to other constitutionally guaranteed expression. [Cit.] The protection available for particular commercial expression turns on the nature both of the expression and of the governmental interests served by its regulation.

*Central Hudson Gas & Elec. Corp. v. Public Service Comm. of New York*, supra at 562-563 (II). Because lesser protection is provided for commercial speech under the Federal Constitution, "offsite commercial billboards may be prohibited while onsite commercial billboards are permitted." *Metromedia v. City of San Diego*, supra at 512 (IV). The Fulton County ordinance states that its provisions, including the prohibition on off-premises advertising, are intended to promote traffic safety and esthetics. The Supreme Court of the United States has expressly held that that is a valid governmental interest. *Metromedia v. City of San Diego*, supra at 503-512 (IV).

However, the Fulton County ordinance sweeps far more broadly than the ordinance at issue in *Metromedia*. There, the ban on off-premises advertising applied only to what is commonly called a

"billboard," defined as a " 'large, immobile, and permanent structure' . . . designed to stand out and apart from its surroundings," thus creating "a unique set of problems for land-use planning and development." *Metromedia v. City of San Diego*, supra at 502 (III). By contrast, the Fulton County ordinance defines a "billboard" much more broadly, so as to include any "sign which advertises services, merchandise, entertainment or information," and "sign," in turn, is defined as:

> Any name, identification, description, display, illustration, writing, emblem, pictorial representation or device which is affixed to or represented directly or indirectly upon a building, structure or land in view of the general public, and which directs attention to a product, place, activity, person, institution or business.

Fulton County Code §§ 3.3.2, 3.3.19. Thus, the definition of "sign" at issue here is more extensive than the definition of "billboard" considered in *Metromedia*, and the initial reach of the Fulton County ban goes well beyond commercial speech. The *Metromedia* decision approved a ban on commercial billboards that advertised off-premises products and services, not a ban on all signs or even a ban on all commercial signs.

Accordingly, unlike the ordinance in *Metromedia*, the Fulton County ordinance evidences a hostility to signs in general and to commercial signs in particular. It commences with what is, in effect, a declaration that all signs are presumptively illegal throughout the county. Fulton County Code §§ 33.3, 33.4. This proscription is not limited to commercial signs or signs on public property or traditional billboards. The outright ban is then followed by a list of 18 specific examples of prohibited signs, described according to their physical characteristics, location or content. Fulton County Code § 33.3 (a)-(r). The ordinance does contain a "savings clause" which purports to authorize any noncommercial message at the locations where on-premises commercial messages are allowed, if that noncommercial message does not direct attention to a business operated for profit or to a commodity or service for sale. See *Outdoor Systems v. City of Atlanta*, 885 FSupp. 1572, 1579 (II) (A) (N.D. Ga. 1995). However, by broadly excluding messages that merely direct attention to a business operated for profit, this so-called "savings clause" may actually prevent the presentation of noncommercial speech in places where commercial speech is allowed. See *Board of Trustees of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 482 (III) (109 SC 3028, 106 LE2d 388) (1989) (holding that "[s]ome of our most valued forms of fully protected speech are uttered for a profit. [Cits.]"). The ordinance also lists

various types of signs, both commercial and noncommercial, that the County will allow landowners to place on their own property or the property of others if they first obtain a permit, pay a fee and comply with detailed restrictions applicable to each category. It then enumerates various types of signs that are categorically excluded from the outright ban and the fee and permitting requirements. Fulton County Code § 33.4.12 (b).

Thus, the scope of the Fulton County ordinance is not only broader than the ordinance considered in *Metromedia*, its basic structure also differs in that all signs, both commercial and noncommercial, are initially declared illegal and will be exempted from the ban only on a case-by-case basis. Whether an ordinance of this scope and structure complies with First Amendment requirements must take into account that,

> [i]n *Central Hudson*, supra, [the Supreme Court of the United States] articulated a test for determining whether a particular commercial speech regulation is constitutionally permissible. Under that test we ask as a threshold matter whether the commercial speech concerns unlawful activity or is misleading. If so, then the speech is not protected by the First Amendment. If the speech concerns lawful activity and is not misleading, however, we next ask "whether the asserted governmental interest is substantial." [Cit.] If it is, then we "determine whether the regulation directly advances the governmental interest asserted," and, finally, "whether it is not more extensive than is necessary to serve that interest." [Cit.] Each of these latter three inquiries must be answered in the affirmative for the regulation to be found constitutional.

*Thompson v. Western States Med. Center*, 535 U. S. 357, 367 (II) (122 SC 1497, 152 LE2d 563) (2002). Accordingly, the First Amendment protects commercial speech unless it involves illegal conduct or is misleading or fraudulent. To ban any type of commercial speech, the government must have a substantial reason for doing so. A ban on commercial speech must directly advance the asserted governmental interest, and the prohibition must be tailored so that it sweeps no more broadly than is necessary to achieve that interest. Under the First Amendment, commercial speech that does not involve illegal conduct and is not fraudulent or misleading is presumptively legal, and not presumptively illegal as is the case under the Fulton County ordinance. The First Amendment requires the government to decide on a case-by-case basis which categories of commercial speech should be banned so as to further a specific and substantial governmental

interest, and not, as the Fulton County ordinance does, impose a ban on all commercial speech outright and then provide which categories are worthy of being made legal. Banning all signs, including all commercial signs, and then deciding on a case-by-case basis which ones will be permitted is the antithesis of the narrow tailoring that is required under the First Amendment, even in the context of commercial speech. Because the regulatory approach taken by Fulton County provides insufficient protection for protected speech, both commercial and otherwise, we conclude that the broad sweep and basic structure of the Fulton County ordinance, whereby all signs are presumed to be illegal and are then permitted only on a case-by-case determination, does not comport with the First Amendment. See *City of Ladue v. Gilleo*, 512 U. S. 43 (114 SC 2038, 129 LE2d 36) (1994).

4. Appellants' remaining enumerations of error are moot or without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 2007 —
RECONSIDERATION DENIED JULY 26, 2007.

*Overtis H. Brantley, Steven E. Rosenberg, Sudevi N. Ghosh, Valerie A. Ross, Marina K. Duncan*, for appellants.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling*, for appellees.

*Willard & Sullivan, Wendell K. Willard, Henderson & Hundley, Laurel E. Henderson, Freeman, Mathis & Gary, Dana K. Maine*, amici curiae.