S11A0023. FULTON COUNTY et al. v. ACTION OUTDOOR ADVERTISING, JV, LLC et al.
S11A0101. CITY OF SANDY SPRINGS et al. v. ACTION OUTDOOR ADVERTISING, JV, LLC et al.

(711 SE2d 682)

THOMPSON, Justice.

These related appeals concern the rights of certain sign companies to construct billboards in areas formerly located in unincorporated Fulton County that are now located in the recently created cities of Sandy Springs, Milton, and Johns Creek and a recently annexed portion of the city of Alpharetta (the "cities").

Action Outdoor Advertising, JV, LLC, Boardworks Outdoor Advertising Company, Inc., Granite State Outdoor Advertising, Inc., KH Outdoor Advertising, Inc., and Steven Galberaith and Larry Roberts (collectively the "sign companies") are companies and owners and principals of companies which lease and construct billboards for displaying commercial and noncommercial messages. Between May 2003 and November 2006, the sign companies submitted complete applications to Fulton County for permits to construct billboards at different locations within unincorporated areas of the county. Fulton County denied the applications or refused to act on them as prohibited under provisions of the county sign ordinance. The sign companies subsequently sued Fulton County over the denial of their permits contending the sign ordinance was unconstitutional.

While the sign companies' consolidated suits were pending, this Court determined in a separate appeal that the Fulton County sign ordinance was unconstitutional under the First Amendment to the United States Constitution. *Fulton County v. Galberaith*, 282 Ga. 314 (647 SE2d 24) (2007). After *Galberaith* issued, the trial court granted summary judgment in favor of the sign companies, finding they had a vested right to erect their billboards and ordered that they be allowed to erect the billboards instanter. Fulton County filed an

application to appeal the trial court's order which this Court granted and docketed as case number S11A0023. By the time we rendered our decision in *Galberaith*, however, the cities of Sandy Springs, Milton, and Johns Creek had been formed and new land annexed into the city of Alpharetta. Thus, Fulton County claimed it no longer had jurisdiction to issue permits to the sign companies for sites now located within the cities, and the cities questioned their obligation to permit for the erection of the billboards. This prompted the sign companies to file a new action against the cities seeking mandamus and other relief. The trial court in that case granted summary judgment in favor of the sign companies based on its determination that the companies had a vested right to erect the billboards as of the date their applications were filed. The cities filed an application to appeal in this Court, which was granted and docketed as case number S11A0101. Because we find the sign companies have vested rights to construct the billboards at issue, we affirm the trial courts' grant of summary judgment in favor of the sign companies in both cases.

1. Fulton County and the cities contend the trial court erred by granting summary judgment to the sign companies and ordering them to permit construction of the signs at issue. Specifically, they contend the trial court misinterpreted our decision in *Galberaith* as striking down the entire Fulton County sign ordinance, as opposed to only certain provisions, and failed to consider whether the remaining provisions of the ordinance prohibited the placement of the signs and precluded the sign companies from obtaining vested rights. In *Galberaith*, this Court affirmed the trial court's ruling that the Fulton County sign ordinance violated the First Amendment to the Constitution of the United States because it "effectively found all off-premises signs 'presumptively illegal' and, through a regulatory scheme of exceptions to the presumption, prohibited signs based on their content." *Granite State Outdoor Advertising v. City of Roswell*, 283 Ga. 417, 421 (658 SE2d 587) (2008), quoting *Galberaith*, supra, 282 Ga. at 315-317. The Court thus struck down as unconstitutional not only the regulatory provisions applicable to billboards but the entire Fulton County sign ordinance because the "broad sweep and basic structure of the Fulton County ordinance, whereby all signs are presumed to be illegal and are then permitted only on a case-by-case determination, d[id] not comport with the First Amendment. [Cit.]" Id. at 319. Because the Fulton County sign ordinance was struck down in its entirety on constitutional grounds, the ordinance was wholly void and of no force and effect from the date it was enacted. See *Strickland v. Newton County*, 244 Ga. 54, 55 (1) (258 SE2d 132) (1979); *Hosp. Auth. of Gwinnett County v. Rapson*, 283 Ga. App. 297, 299 (641 SE2d 286) (2007). Accordingly, the trial court in this case

correctly determined the void Fulton County sign ordinance could not be used as the basis for the denial of the sign companies' applications.

The trial court also correctly determined that the invalidity of the Fulton County sign ordinance resulted in there being no valid restriction on the construction of billboards in Fulton County and therefore, the sign companies obtained vested rights in the issuance of the permits they sought. "Vested rights," which cannot be interfered with by retrospective laws, are "interests which it is proper for (the) state to recognize and protect and of which (the) individual cannot be deprived arbitrarily without injustice." *Hayes v. Howell*, 251 Ga. 580, 584 (308 SE2d 170) (1983). The submission of a then-proper application for a permit gives an applicant a vested right to consideration of the application under the law in existence at the time the application is filed. *Recycle & Recover v. Ga. Bd. of Natural Resources*, 266 Ga. 253 (466 SE2d 197) (1996) (property owner seeking to alter use of land has vested right to consideration of application under law then in existence); *WMM Properties v. Cobb County*, 255 Ga. 436 (1) (339 SE2d 252) (1986) (landowner has vested right to use property in accordance with zoning regulations in force when he applied for building permit). Here, in the absence of any valid Fulton County sign ordinance, there was no valid restriction on the construction of signs in Fulton County at the time the sign companies' applications were filed, and the sign companies obtained vested rights upon filing of proper applications. See *Tilley Properties v. Bartow County*, 261 Ga. 153 (401 SE2d 527) (1991).

In so holding, we agree with the trial court that Fulton County and the cities failed to satisfy their burden of proving that overlay district regulations otherwise prohibited the sign companies from constructing the signs. See *Latimore v. City of Atlanta*, 289 Ga. App. 85 (2) (656 SE2d 222) (2008) (party must establish provisions of municipal ordinances under which he seeks to recover). The record contains two different certified copies of the Fulton County sign ordinance and overlay district regulations in effect when the applications at issue were filed. These copies differ significantly and inexplicably in that they do not reference the same amendments, they set forth differing restrictions in at least two of the overlay districts, and most importantly, they differ as to whether billboards are banned in two of the overlay districts. In light of these inconsistencies and the lack of any clear prohibition on billboards in the overlay district ordinances as provided to the trial court, we conclude the trial court properly construed the overlay ordinances against the county and cities and determined they do not regulate billboards within their respective districts. See *Cherokee County v. Martin*, 253 Ga. App. 395, 396 (559 SE2d 138) (2002) (zoning ordinance is in

derogation of common law and all ambiguities must be construed against local government and in favor of free use of property).

Similarly, we find no merit in the cities' contention that the sign companies' rights did not vest because they do not own or have signed leasehold interests in all of the properties on which the signs are to be located. The cities cite no authority for the proposition that only applicants with ownership or formal leasehold interests in the land may obtain vested rights, and this Court is aware of none.[1] Georgia law does make clear that when an applicant submits an application for a permit in accordance with applicable ordinances, the applicant is entitled to issuance of the permit. *WMM Properties* supra, 255 Ga. at 437-438. In this regard, we have specifically held that a party holding an option from the owner of the land, an agent of the owner, or a party standing in any other contractual relationship with the owner of the land may bring an action to require the regulatory body to issue the required permit. *Gifford-Hill & Co. v. Harrison*, 229 Ga. 260, 263 (191 SE2d 85) (1972). See *Davidson Mineral Properties v. Monroe County*, 257 Ga. 215 (357 SE2d 95) (1987) (leasehold interest). The record in this case demonstrates that the sign companies either own the tract of land or have leases or informal agreements with the landowners of the tracts on which the signs at issue are to be located. We find this evidence, coupled with the fact that Fulton County at no time contended these interests rendered the sign companies' applications incomplete, was sufficient to support the trial court's conclusion that the sign companies obtained vested rights.

Contrary to the cities' argument, the sign companies' vested rights are not voided by application of OCGA § 36-60-26, which prohibits the issuance by a county of backdated sign permits for an area no longer within its jurisdiction due to formation of a new city or annexation. This statute was not enacted until May 2008, well after the time the sign companies filed their applications, and it cannot retroactively be applied to divest the companies of their vested rights. See *Hayes*, supra, 251 Ga. at 584. Moreover, it is axiomatic that in the absence of a valid sign ordinance in Fulton County, no permit was required to authorize the sign companies to construct their billboards at the time their applications were filed, and thus, no "backdated permit" is necessary for such construction now.

Finally, like the trial court, we reject the cities' argument that

---

[1] *Verticality, Inc. v. Warnell*, 282 Ga. App. 873 (640 SE2d 369) (2006), cited by the cities, involved the validity of a lease between the landowner and a company seeking to build a tower on the landowner's property. The court in that case did not discuss whether a party must possess an ownership or formal contractual interest in the land in order to obtain vested rights.

the subsequent creation of new cities within unincorporated Fulton County and the annexation of property into the city of Alpharetta divested the sign companies of their vested rights. Article I, Section I, Paragraph X of the Georgia Constitution "forbids passage of retroactive laws which injuriously affect the vested rights of citizens." *Recycle & Recover*, supra, 266 Ga. at 254. Thus, the creation of the new cities by the General Assembly and the annexation of property could not constitutionally and retroactively divest these companies of their vested rights to construct signs pursuant to the applications they filed in Fulton County at a time when Fulton County had no valid sign regulations and the cities did not yet exist. See id. at 254-255; *Schneider Homes v. City of Kent*, 942 P2d 1096, 1100 (Wash. Ct. App. 1997) (vested rights in re-zoning application survive annexation of property into city). The suggestion by the cities that vested rights do not survive annexation or the creation of a new entity with jurisdiction over the property is unsupported by law and contradicts the very principles underlying the law of vested rights.

2. The cities also contend on several grounds that the trial court erred by directing that the sign companies be allowed to construct the billboards.

(a) We find no merit in the cities' argument that the trial court's order violates their constitutional authority to plan and zone within their jurisdictions. As a general rule, cities possess by virtue of our constitution the right to control planning and zoning within their jurisdictions. Ga. Const., Art. IX, Sec. II, Par. IV. However, where, as here, an applicant's rights vest before the creation of the new entity with regulatory authority, the newly created entity cannot retroactively impose its regulations to deprive the applicant of his rights to use the property in the manner authorized by law at the time the application was filed. To hold otherwise would virtually eliminate a party's vested rights by placing such rights in jeopardy whenever there is a change in regulatory jurisdiction due to the creation of a new county or city or upon annexation or de-annexation of property.

(b) The trial court determined the sign companies held vested rights to construct the billboards as authorized at the time their applications were filed. Thus, while the cities cannot legally apply their newly enacted sign ordinances to the construction of these signs because such ordinances did not exist at the time the applications were filed, other valid restrictions, such as size, setback, and safety regulations could be applicable, as long as such restrictions or regulations were valid and applicable to the signs on the date the

sign companies' rights vested.[2] The court did not err by recognizing that the construction of billboards would be affected by other legally valid regulations.

(c) The cities also argue the remedy fashioned by the trial court constitutes mandamus relief which is inappropriate in this case both because the sign companies have adequate legal remedies and because Fulton County no longer has permitting and zoning authority over the applications. We disagree. The trial court simply granted summary judgment in favor of the sign companies based on its finding that there were no valid ordinances regulating the construction of billboards at the time the applications were filed and the sign companies were entitled to "construct, maintain and operate all signs for which they submitted applications and have brought this action." Despite the cities' contrary arguments, the order does not compel Fulton County or the cities to issue a permit as no permit was required at the time the applications were filed. Under these circumstances, the remedy fashioned by the trial court simply does not constitute mandamus relief. See generally OCGA § 9-6-20 (mandamus available to compel performance of official where defect exists because of failure to perform or improper performance and no other legal remedy exists). Compare *Tilley Properties v. Bartow County*, 261 Ga. 153 (401 SE2d 527) (1991) (mandamus proper to compel officer to issue certificate of land use); *WMM Properties*, supra, 255 Ga. at 438 (1) (b) (landowner has right, enforceable by mandamus, to issuance of permit in accordance with regulations at time application submitted).

*Judgments affirmed. All the Justices concur.*

DECIDED JUNE 13, 2011.

*Marvin J. Harkins, Vincent D. Hyman, R. David Ware*, for Fulton County et al.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Scott W. Peters, Webb, Klase & Lemond, E. Adam Webb, G. Franklin Lemond, Jr.*, for Action Outdoor Advertising.

*Henderson & Hundley, Laurel E. Henderson, Wendell K. Willard, Jarrard & Davis, Ken E. Jarrard, Paul B. Frickey, Bovis, Kyle & Burch, John V. Burch, C. Sam Thomas, W. Randall Bryant, Riley, Lewis & McLendon, William F. Riley, Jr., Scott T. Hastey, Andrew A.*

---

[2] The trial court specifically identified one such regulation in its final order, requiring that the signs meet or exceed all structural safety and soundness requirements of OCGA § 8-2-20 (9) (B), the 2006 International Building Code, with Georgia amendments. See also OCGA § 32-6-70 et seq., the Georgia Outdoor Advertising Control Act.

*Lewis, Christopher D. Balch*, for City of Sandy Springs et al.
*Ted C. Baggett, Susan J. Moore*, amici curiae.