[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16359

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 03-01855 CV-HTW-1

KH OUTDOOR, L.L.C.,
GRANITE STATE OUTDOOR ADVERTISING, INC.,

Plaintiffs-Appellants,

versus

FULTON COUNTY, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 6, 2011)

Before EDMONDSON, MARTIN and COX, Circuit Judges.

PER CURIAM:

KH Outdoor, LLC and Granite State Outdoor Advertising, Inc. (collectively

"the advertising companies") sued Fulton County, Georgia under 42 U.S.C. § 1983,

alleging, among other claims, that Fulton County's improper processing and denial of several billboard applications violated the First Amendment to the United States Constitution. The district court dismissed the advertising companies' claims for lack of standing.

The threshold issue in this appeal is whether the district court erred in concluding that the advertising companies lacked standing to assert their claims. The district court determined that the companies lacked standing based on *Fulton County v. Galberaith*, 647 S.E.2d 24 (Ga. 2007). The court interpreted *Galberaith* as invalidating only a few distinct provisions of the Fulton County Sign Ordinance, rather than the Ordinance as a whole. The court then reasoned that, because other valid restrictions in the Ordinance preclude the advertising companies from erecting their proposed signs, the advertising companies cannot demonstrate a redressable injury.

The Supreme Court of Georgia has now held that the district court's interpretation of *Galberaith* is incorrect. In *Fulton County v. Action Outdoor Advertising, JV,* __S.E.2d__, Nos. S11A0023, S11A0101, 2011 WL 2305974 (Ga. June 13, 2011), the Supreme Court clarified that the *Galberaith* decision "struck down as unconstitutional not only the regulatory provisions applicable to billboards but the entire Fulton County sign ordinance[.]" *Id.* at *1.

Because *Action Outdoor* has now made clear that the district court's standing determination was founded on an incorrect interpretation of *Galberaith*, we vacate the district court's judgment and remand this case to the district court for reconsideration in light of *Action Outdoor*.

VACATED AND REMANDED.