MARTIN, Circuit Judge:
In 2003, Plaintiff KH Outdoor, L.L.C. filed a number of applications to erect billboards, all of which were either ignored or rejected by Defendant Fulton County. KH Outdoor sued Fulton County in federal district court, and a jury awarded the company nearly $4 million in damages. Fulton County now appeals the district court’s denial of its post-trial motion for judgment as a matter of law, or in the alternative, a new trial or remittitur. After careful review, we vacate in part and remand for the district court to conduct factfinding and reconsider whether KH Outdoor has standing to bring its claims.
I.
KH Outdoor is a Georgia company that constructs and sells billboard space to advertisers. The company filed this lawsuit in 2003 after its applications to erect billboards in Fulton County were rejected or ignored. In its complaint, KH Outdoor alleged that Fulton County’s sign ordinance — the basis for the County’s rejection of the applications — was unconstitutional under the First Amendment.
After several years of litigation and failed attempts to settle this dispute, the district court granted summary judgment to Fulton County in 2009, finding that KH Outdoor lacked standing. The district court recognized that relevant portions of the Fulton County sign ordinance had been ruled unconstitutional by the Georgia Supreme Court in Fulton County v. Galberaith, 282 Ga. 314, 647 S.E.2d 24 (2007). But it found that KH Outdoor lacked a redressable injury because the billboards it applied to erect would have been prohibited in any event by other regulations in Fulton County’s sign ordinance which remained in effect after Galberaith. On this basis, the district court dismissed KH Outdoor’s claims for lack of Article III standing.
KH Outdoor appealed, and this Court vacated the district court holding on standing and remanded for reconsideration in light of the Georgia Supreme Court’s intervening decision in Fulton County v. Action Outdoor Advertising, JV, LLC, 289 Ga. 347, 711 S.E.2d 682 (2011). KH Outdoor, L.L.C. v. Fulton Cnty., 433 Fed. Appx. 775, 776 (11th Cir.2011). In Action Outdoor, the Georgia Supreme Court clarified that its prior decision in Galberaith struck down the Fulton County sign ordinance in its entirety. 711 S.E.2d at 685. The Action Outdoor ruling also addressed Fulton County’s separate argument that the billboards at issue were located in overlay districts in Fulton County, which have more stringent zoning regulations for billboards. Id. at 685-86. But the Justices found that Fulton County had not met its burden to demonstrate that these overlay district regulations would have *610 otherwise barred the proposed billboards. Id. Because Action Outdoor made clear that the district court’s standing determination was based on an incorrect interpretation of Galberaith, this Court vacated the district court’s dismissal and remanded for reconsideration. KH Outdoor, 433 Fed.Appx. at 776.
On remand, the district court set a trial date to decide only the remaining issue of damages. Fulton County, however, filed a motion to amend its answer and for leave to file a motion for summary judgment. As it turns out, KH Outdoor and Fulton County had been involved in an entirely separate litigation in the state courts of Georgia. The state court litigation began in 2006 when KH Outdoor refiled many of its applications to build billboards in Fulton County. The 2006 applications were again denied. In fact, KH Outdoor’s 2006 state court litigation was consolidated with Action Outdoor’s case in the Georgia Supreme Court’s 2011 decision in Action Outdoor, 711 S.E.2d at 684. Because the state trial court issued a final judgment in KH Outdoor’s favor after the case was remanded from the Georgia Supreme Court, Fulton County alleged that the company’s claims were now barred by the doctrine of res judicata. The district court denied Fulton County’s motions and allowed the case to proceed to trial.
Relevant here, KH Outdoor filed a pretrial motion to exclude any evidence or argument relating to standing, including evidence of Fulton County’s overlay district regulations. In its motion, KH Outdoor argued that this issue had already been raised by Fulton County and rejected by the Georgia Supreme Court in Action Outdoor. Fulton County responded that the standing question at issue in Action Outdoor was completely different from that faced by the federal court, because it related to overlay district regulations in effect in 2006, not the regulations in effect in 2003. Nevertheless, the district court granted KH Outdoor’s motion to exclude any evidence relating to standing, and it also denied Fulton County’s post-trial motion for judgment as a matter of law or a new trial on this basis.
II.
We consider Fulton County’s argument relating to KH Outdoor’s standing at the outset because it is a “threshold jurisdictional question which must be addressed prior to and independent of the merits of a party’s claims.” Dillard v. Baldwin Cnty. Comm’rs, 225 F.3d 1271, 1275 (1 1th Cir.2000) abrogated on other grounds by Dillard v. Chilton Cnty. Comm’n, 495 F.3d 1324 (11th Cir.2007). Standing is a doctrine that “stems directly from Article Ill’s ‘case or controversy’ requirement,” and thus “it implicates our subject matter jurisdiction.” Nat’l Parks Conservation Ass’n v. Norton, 324 F.3d 1229, 1242 (11th Cir.2003). The Supreme Court has said that “standing is perhaps the most important” jurisdictional doctrine, FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990) (citation omitted) (quotation marks omitted), and as with any jurisdictional requirement, we are powerless to consider the merits of the case when it is lacking. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir.1999); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868) (“Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.”).
Importantly, standing cannot be waived or conferred upon the court by the parties. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir.2005). The Supreme Court has said that subject matter juris *611 diction is an area of the law in which “principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.” Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) (citation omitted). A federal court is obligated to inquire into subject matter jurisdiction on its own motion whenever it may be lacking. Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir.1985). Significant for our purposes, “[a]n appellate federal court must satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.” Univ. of S. Ala., 168 F.3d at 410 (quoting Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934)). Thus, we cannot proceed to the merits of Fulton County’s appeal until we have satisfied ourselves that the district court had subject matter jurisdiction to issue a judgment in favor of KH Outdoor.
A.
Fulton County argues, among other things, that KH Outdoor lacks standing because its injuries are not redressable. According to the County, the district court was mistaken when it assumed that the redressability issues in Action Outdoor and this case were the same. Action Outdoor dealt with overlay district regulations in place in 2006, the County explains, while this case involves the regulations that were in effect in 2003. As a result, the County argues that the district court should have conducted a de novo review of whether KH Outdoor’s alleged injuries stemming from its 2003 billboard applications were re-dressable. We agree.
To establish standing, a plaintiff must show “(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision.” Granite State Outdoor Adver., Inc. v. City of Clearwater, Fla., 351 F.3d 1112, 1116 (11th Cir.2003) (emphasis omitted). Each element is “an indispensable part of the plaintiffs case” and “must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.” Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). As a result, a plaintiff “must ultimately support any contested facts with evidence adduced at trial” to establish Article III standing. See Bennett v. Spear, 520 U.S. 154, 168, 117 S.Ct. 1154, 1164, 137 L.Ed.2d 281 (1997).
For an injury to be redressable, “it must be ‘likely,’ as opposed to merely ‘speculative,’ that the injury will be ‘redressed by a favorable decision.’ ” Lujan, 504 U.S. at 561, 112 S.Ct. at 2136. Two recent cases from this Court have addressed whether plaintiffs who seek to erect billboards have satisfied the redressability requirement. In KH Outdoor, L.L.C. v. Clay County, Fla., 482 F.3d 1299 (11th Cir.2007), we found that KH Outdoor had not satisfied the redressability requirement because the billboard applications at issue failed to meet the requirements of other statutes and regulations not challenged. Id. at 1303. Because the plaintiff lacked standing, “we [could] not reach the merits of its challenges ... to [the] sign ordinance.” Id. at 1305. Similarly, in Maverick Media Group, Inc. v. Hillsborough County, 528 F.3d 817 (11th Cir.2008), we concluded that a billboard company could not establish redressability because “the County could have denied Maverick’s applications *612 under an alternative, unchallenged provision of its sign ordinance.” Id. at 821.
These decisions mirror similar outcomes in our sister circuits, all in cases concerning restrictions on the placement of billboards. See, e.g., Coastal Outdoor Advertising Group, LLC v. Township of East Hanover, 397 Fed. App’x 794, 795-96 (3d Cir.2010) (finding no standing where a billboard permit applicant “would not be ‘substantially likely’ to erect the billboard because the unchallenged setback, use, and height restrictions would still prevent [the plaintiff] from erecting its billboards”); Covenant Media of South Carolina, LLC v. City of North Charleston, 493 F.3d 421, 430 (4th Cir.2007) (finding no standing because a billboard permit application violated a spacing requirement and therefore “could not have been approved regardless of whether other substantive provisions of the Sign Regulation [were] held to be unconstitutional”); Midwest Media Property, LLC v. Symmes, 503 F.3d 456, 461 (6th Cir.2007) (finding no standing because, “having filed nine applications to post a sign in the township that would violate [unchallenged height and size] regulations, plaintiffs cannot tenably show that success in challenging other regulations of the sign ordinance will redress any injury caused by these regulations”); Harp Advertising Illinois, Inc. v. Village of Chicago Ridge, 9 F.3d 1290, 1291 (7th Cir.1993) (finding no standing “to challenge either the sign code or the zoning code, because [the plaintiff] could not put up its sign even if it achieved total victory in this litigation”); Advantage Media, LLC v. City of Eden Prairie, 456 F.3d 793, 801 (8th Cir.2006) (finding no standing because “a favorable decision for [plaintiff] ... would not allow it to build its proposed signs, for these would still violate other unchallenged provisions of the sign code like the restrictions on size, height, location, and setback”).
B.
With these principles and precedent in mind, the district court erred by barring evidence of Fulton County’s overlay district regulations and entering judgment in KH Outdoor’s favor without ensuring that the company’s injuries were redressable. We recognize that the Georgia Supreme Court considered and rejected similar arguments regarding redressability in Action Outdoor. See 711 S.E.2d at 685 (“Fulton County and the cities failed to satisfy their burden of proving that overlay district regulations otherwise prohibited the sign companies from constructing the signs.”). But crucially, Action Outdoor dealt with billboard applications filed with Fulton County in 2006, while the case before the district court involved applications filed in 2003. For this reason, the standing inquiries in the two cases are not identical, especially given that different regulations may have been in effect in 2003, as opposed to 2006.
Beyond that, Fulton County was prepared to submit evidence at trial demonstrating that KH Outdoor’s applications would have been barred by valid county and state regulations in effect in 2003. For example, the County proffered an affidavit written by Randy Beck, a former employee in the Fulton County Department of Environment and Community Development. Beck would have testified that 30 of the 32 billboard applications filed by KH Outdoor and its predecessors were located in overlay districts containing regulations prohibiting the construction of the requested billboards. In the same way, at trial Fulton County presented the testimony of James Brown, the Outdoor Advertising Manager for the Georgia Department of Transportation. Brown testified that approximately 11 of KH Outdoor’s billboard applications, at least as those appli *613 cations existed at the time of trial in U.S. District Court, would have been rejected as incomplete by the Georgia Department of Transportation. He testified that the applications, in the form presented to him as he testified, would have been rejected even if they had been approved by Fulton County. Brown also testified that two of the applications for sign permits which were the subject of the damages trial, had actually been recently denied by the Department of Transportation. Meanwhile, KH Outdoor did not present any evidence to the district court rebutting Fulton County’s allegations regarding standing. The District Court should have developed this one-sided record — perhaps in an evi-dentiary hearing — to resolve whether “the County could have denied [the plaintiffs] applications under an alternative, unchallenged provision of its sign ordinance.” Maverick Media Group, Inc., 528 F.3d at 821.
The dissent would have us discount our own binding precedent as well as that of other circuits, and instead rely on Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), and its progeny to come to the opposite result. See Dissenting Op. at 614 & 616. But the Mt. Healthy burden-shifting test only enters the analysis once a plaintiff is shown to have standing. Of course, if the plaintiff can show it is “likely” to obtain redress from a favorable decision, Lujan, 504 U.S. at 561, 112 S.Ct. at 2136, the plaintiff would have standing and the case should proceed to the merits. At that point, a fact-finder would make a final determination one way or another whether the government “would have reached the same decision ... even in the absence of the protected conduct.” Mt. Healthy, 429 U.S. at 287, 97 S.Ct. at 576. But a District Court must always assure itself that the plaintiff is at least likely to obtain redress before reaching the merits.[1] Because the court below failed to do so here, it was in error.
III.
For these reasons, we VACATE IN PART the district court’s order denying Fulton County’s motion for judgment as a matter of law or, in the alternative, motion for new trial or remittitur. We REMAND for the district court to entertain and review evidence about KH Outdoor’s standing to pursue its claims.[2]

. Though we believe the casé law can be reconciled in this fashion, even if Mt. Healthy is "irreconcilable” with cases like Maverick and KH Outdoor at their logical extremes, (Dissenting Op. at 615-16) this case is not the appropriate vehicle to resolve any alleged conflict. Given the plethora of decisions in this circuit and others engaging in a standing analysis as we have today on almost identical facts, it is enough to rely on that precedent to reach our result.

. Because we remand this case for additional proceedings relating to standing, we refrain from addressing the merits of Fulton County's appeal. These issues will be addressed if the district court finds that KH Outdoor has standing to pursue these claims. See Bischoff v. Osceola Cnty., Fla., 222 F.3d 874, 886 (11th Cir.2000) (refraining from reviewing the district court's ruling on the merits until after the district court held an evidentiary hearing on the question of standing).
Our opinion should not be misunderstood, however, as an agreement with the district court’s denial of Fulton County's motion for judgment as a matter of law. Quite to the contrary, many of the issues raised by Fulton County give us pause. For example, we have serious doubts regarding the district court’s finding that res judicata does not apply here. The state court action and the federal court action both involve the identical claim that Fulton County was violating KH Outdoor’s First Amendment rights by refusing to allow KH Outdoor to build billboards on the same parcels of land. Beyond that, KH Outdoor conceded to the district court that there was *614 at least a risk of double recovery between the state court action and the federal court action. These facts weigh heavily in favor of a finding that the two cases involve identical causes of action such that res judicata should apply under Georgia law.