# Court of Appeals
# of the State of Georgia

ATLANTA,  October 21, 2016

*The Court of Appeals hereby passes the following order:*

**A16A2077.  PIERCE v. THE STATE.**

Matthew Caleb Pierce appeals his convictions and sentence for aggravated child molestation and other offenses.  Among his enumerations of error, he argues that the trial court erred by denying his motion to declare Georgia's statutory sentencing scheme for aggravated child molestation unconstitutional.

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Indep. Sch. Sys. v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); *see* Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).  "[I]n order to invoke that jurisdiction, the record must show that the trial court specifically passed on the constitutional issue." *Fulton Cty. v. Galberaith*, 282 Ga. 314, 315 (1) (647 SE2d 24) (2007).

Pierce's motion called into question the constitutionality of OCGA § 16-6-4(d)(1) as read together with the sentencing mandates of OCGA § 17-10-6.1.  The trial court specifically rejected his constitutional argument. It thus appears that jurisdiction over his appeal may lie in the Supreme Court, even though resolution of the non-constitutional arguments he makes in challenging his convictions may obviate the need to consider his constitutional challenge to the statutory sentencing scheme. *See Harrison v. Wigington*, 269 Ga. 388, 388 (497 SE2d 568) (1998) ("If a constitutional question is raised and ruled on below, [the Supreme] Court has exclusive appellate jurisdiction, and this is true, although upon a consideration of the entire case, [the Supreme] Court determines that a decision upon such constitutional

questions is not necessary to a proper solution of the case, and makes no decision thereon.") (punctuation omitted).

The Supreme Court has the ultimate responsibility for determining appellate jurisdiction. *See Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996). We, therefore, TRANSFER this appeal to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*_____10/21/2016_____
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*